# SUPREME COURT

THE GLOBE INSURANCE COMPANY *v.* LANSING.

FEBRUARY TERM, 1826.

The plaintiffs declared in debt on a bond executed by the defendant to them; to which the defendant pleaded, that the bond was executed concurrently with a mortgage in fee; that the mortgage had been foreclosed by a decree in chancery, and the estate mortgaged sold by virtue of a decretal order of the said court thereon, whereby the debt was satisfied. The plaintiffs replied, that the mortgaged premises did not sell for a sufficient sum to pay the amount due on the said bond and mortgage, shewing the deficiency. To this replication the defendant demurred generally.

*Defendant in person*—The question arising on the pleadings is simply, Whether the plaintiffs can recover on this bond, given concurrently with a mortgage after its foreclosure?—There is neither common law or statute law to support this action. At common law, if the mortgagee took the land, the mortgagor took the money. This appears from Co. Lit. 332; 2 Chan. Cas. 244; 2 Lev. 116; 3 Keb. 70; Cro. Jac. 281; Black. Com. 159; Powell on Mort. 7 to 10, 438. The form of the mortgage was varied by demise and redemise—by covenants—by bonds for their performance—by bond for payment—by terms for years; but the same construction attached throughout. The bond and mortgage constitute one instrument, by the established rule of construction, as made between the same parties, at the same time, and relating to the same subject. In Eq. Cas. ab. 317, it was held that a suit might be sustained on the bond after foreclosure, but it opened it. The question was not stirred in 36 years following 2 Brown's Ch. Rep. 125, 126. The Attorney General Percival alleged the foreclosure was an extinguishment of the debt, and it was not denied

2

(8 Ves. 527 ; 13 Ves. 198, 200.) Lord Thurlow re-cognized the doctrine, 2 Dick. 551, 785 ; and after-wards held, that as long as the pledge was held by the mortgagee, it was a satisfaction : he allowed an injunction to stay suit on such bond, 2 Bro. Ch. Rep. 126, 127, as in a new case. Lord Eldon decided, that a suit on the bond after foreclosure, opened it—8 Ves. 527 ; 13 Ves. 198, 200 ; and in 18 Ves. 197, that before a sale, there was no evidence of deficiency : and after a sale, it was too late : thus reverting to the common law in all its strictness, which indeed is re-cognized throughout by the incessant efforts made to open it. At common law, the question was not stirred ; for the common law courts could not give effect to this second election, which, according to Co. Lit. could not be repeated. What was common law in 1775, must have been so for ages before, and as to this subject, is common law to us now. The common law text is still in force here. If the mortgagee takes the land, the mortgagor takes the money ; and if so, there can be no measure for deficiency, for none can exist. This is neither a question of principle or dubious construction ; and where our law is positive, its settled principles and maxims must govern.

*Wendell for plaintiffs*—Relied on the opinion of Chancellor Kent in Dunkey v. Van Buren, 3 Johns. Ch. Rep. 330, as very ably supported by Judge Story in Hatch v. White, 2 Gall. 152. If all the instruments relating to the mortgage are to be construed collectively, the bond is useless.

*Plaintiffs in reply*—The case of Dunkey v. Van Buren decides nothing as to the point for which it is adduced. The chancellor decides the question before him in the case, then slides into a digression, cites a number of cases, and adds, so as to stamp the character indelibly, " but this is not now to be decided." It is therefore clearly an *obiter dictum*.

*Chief Justice* SAVAGE—The question presented is, Whether the foreclosure and sale of the premises

mortgaged as a collateral security, is an extinguishment of the debt due?—It is most clearly not any farther than the extent of the money produced by the sale of the mortgaged premises.

In the case of Dunkey v. Van Buren, 3 Johns. Ch. Rep. 351, Chancellor Kent says, "It seems to be generally admitted in the books, that the mortgagee may proceed at law on his bond or covenant at the same time he is prosecuting on his mortgage in chancery; and that after foreclosure, he may sue at law on the bond for the deficiency." He cites many cases cited at the bar, and those cases certainly support the doctrine.

In Aylitt v. Hill, (2 Dick. 551, A. D. 1774,) Lord Thurlow held that a mortgagee might proceed on his bond, notwithstanding he had obtained a decree of foreclosure, and denied an injunction to stay proceedings at law. Afterwards, in Took v. Huntley, (2 Dick. 785, A. D. 1784,) the same question came before him; and he decided, that so long as the mortgagee, after foreclosure, continued in possession of the mortgaged premises, he must take his pledge as a satisfaction; but if he sold the estate fairly, and it did not produce a sufficiency to pay the debt, he had a right to bring an action against the mortgagor to recover the deficiency. Two years after, he adhered to the same opinion, in the case of Tooke v. Huntley, 2 B. Ch. Rep. 125.

In the case of Perry v. Barker. (13 Ves. 204,) Lord Erskine decreed a perpetual injunction where a mortgagee had taken possession under a foreclosure, though he had afterwards sold the estate at auction for less than the amount due. Yet he seems to admit, that had the decree been for a sale instead of a foreclosure, *as practised in Ireland*, the proper course would be, if the sale produce was more than the debt, to decree the surplus to the mortgagor; and if less, then to allow the mortgagee to proceed on his bond for the difference.

The whole subject has been fully and ably discussed by Mr. Justice Storey, in Hatch v. White, (2 Gall. 152:) where the principle is established, that the

mortgagee is entitled to recover on the accompanying security the deficiency of the mortgaged premises to pay the debt, calculating its value at the time of the actual extinction of the equity of redemption.

In Amory v. Fairbanks, (3 Mass. Rep. 562,) the plaintiff had execution for the balance due on the bond, deducting the value of the land upon appraisement.

The plaintiff is entitled to judgment, with leave to withdraw his demurrer, &c.