Bliss v. Weil.

## BLISS VS. WEIL.

Where a decree of foreclosure and sale upon a mortgage of which one instalment only was due, contained the usual clause allowing the plaintiff to apply for a further order of sale upon the falling due of the subsequent instalment, and for an execution for any deficiency which might remain, but the *whole* of the mortgaged premises was sold and did not produce enough to pay the instalment due at the date of the decree, it was *held*, that the decree was not a bar to a personal action against the mortgagor for the subsequent instalment when it fell due.

The note for the subsequent instalment was not merged in the decree, and the decree did not give the complainant a right to come into court, *after the mortgaged premises had all been sold for the satisfaction of the first instalment*, and enter up a personal judgment against the mortgagor for the subsequent instalment when it became due.

The statute of 1849 (sec. 78, chap. 84) prohibiting proceedings at law for the recovery of a mortgage debt, after bill for foreclosure filed, unless authorised by the court of chancery, was not in force when the present action was brought for the subsequent instalment.

APPEAL from the Circuit Court for *Washington* County. The case is stated in the opinion of the court. The decree in the district court was rendered on the 9th of August, 1858; the portion of it which is referred to in the opinion as

containing " a further clause for judgment for any deficiency " &c., was as follows: " And in case said premises shall be sold under this decree, and shall not produce sufficient to satisfy the amount so reported as secured and unpaid, with interest and costs of this suit and of such sale, it is further ordered that the said complainant be at liberty at any time thereafter, when any such deficiency of principal or interest shall have become due, to apply to this court for an execution against said defendant *Moses Weil*, who is personally liable for the payment of the debt secured by said mortgage, to collect the amount which shall then be due thereon."

*Thorp & Shelly*, and *Finches, Lynde & Miller*, for appellant, argued that the second note, not being due, was not adjudicated upon in the foreclosure suit, and that the plaintiff, having exhausted his security, had a right to proceed upon the note to recover the balance of his debt, citing 4 Kent., 183 ; 8 Vesey, 527 ; *Hatch vs. White*, 2 Gallison, 152 ; *Omaly vs. Swan*, 3 Mason, 474 ; *Cullum vs. Emanuel*, 1 Ala., 23 ; *Lansing vs. Goelet*, 9 Cow., 346 ; *Bridgen vs. Carhartt*, 1 Hopk., 234.

*A. R. R. Butler* and *L. F. Frisby*, for respondent, contended that under secs. 86–91, chap. 84, R. S., 1849, the plaintiff's remedy by the foreclosure was complete ; that if the mortgaged premises had sold for more than enough to pay the first note, the balance would, under the statute, have been applied to the second note ; and that no action at law could be sustained without leave of the court which rendered the decree. 8 Paige, 70 ; 9 id., 294 ; 2 Story's Eq. Jur., § 889 ; sec. 78, ch. 84, R. S., 1849. The plaintiff could have obtained execution for the deficiency, after sale of the mortgaged premises, upon application to the court, in pursuance of the decree, which shows that the decree was final between the parties, and is a bar to this action.

May 15.     *By the Court*, COLE, J. The single question presented in this case is, whether the proceedings and decree of foreclosure in the United States district court constitute a bar to this suit. The action is brought on a promissory note given by the respondent to the appellant, bearing date the 26th of

August, 1857, for $3,140, and made payable two years from date. At the same time another note was given for $827.21, payable ninety days from date. To secure the payment of these notes, a mortgage was simultaneously executed by the respondent and wife. When the first note became due, proceedings were instituted in the United States district court for a foreclosure and sale of the mortgaged premises, to pay the amount due. A decree of foreclosure and sale was entered, by which the court adjudged that the sum of $861 was then due on the notes and mortgage; that the sum of $3,140 was to become due with interest; and that the mortgaged premises could not be sold in parcels; and ordered a sale of the mortgaged premises. The premises were sold and bid in by the appellant for $400, and a judgment for the deficiency *due* and unsatisfied was given on the coming in and confirmation of the marshal's report. The decree also contained the usual clause that in case the amount actually due with interest and costs should be paid before the sale, the complainant might, at any time thereafter, when any principal sum or interest secured by the note and mortgage should become due, go before a master on the foot of the decree, and procure a report of the amount which might be due, to the end that upon the coming in and confirmation of such report a decree might be made for a sale of said premises to satisfy the amount due; and a further clause for judgment for any deficiency ultimately found to be unsatisfied by the proceeds of the mortgaged property. Now it is contended that this decree constitutes a bar to an action upon the second note; and the circuit court so decided. This decision we hold erroneous.

Chancellor Kent states that the general rule is, that the mortgagee may exercise all his rights at the same time, and pursue his remedy in equity upon the mortgage, and his remedy at law upon the bond or covenant accompanying it concurrently. 4 Kent's Comm., 184. In the absence of special statutory provisions prohibiting it, there seems to be no doubt that the appellant might have brought his action at law upon the notes when due, and at the same time foreclosed the mortgage in equity. And although there has been

a great conflict in the authorities in England and in the United States as to what would be the effect of bringing an action at law upon the obligation after a foreclosure in equity, and whether such action would open the foreclosure and let in the equity of redemption, still we find nothing in the cases which sustains the decision of the circuit court in this case. We fail to perceive anything in principle or reason which forbids the appellant from sustaining the action. His debt has not been paid. The mortgaged property has been sold and fully exhausted. Unless he has an action *in personam*, he is remediless in the premises.

We have been referred to section 78, chap. 84, R. S., 1849, which declares that after a bill is filed for the foreclosure of a mortgage, while the same is pending, and after a decree rendered thereon, no proceedings whatever shall be had at law for the recovery of the debt secured by the mortgage, or any part thereof, unless authorized by a court of chancery. But this shows that even under that statute a suit at law might be prosecuted on the special order of the court of equity. The statute, however, requiring special leave is not now in force, and consequently the cases in 8 Paige, *Williamson vs. Champlin*, 70; and 9 id., *Suydam vs. Bartle*, 294, to which our attention has been called, are inapplicable.

It is suggested that the record of the district court is a complete bar to the action, for the reason that the appellant could have obtained execution on application to that court, for any deficiency after the sale of the mortgaged premises. But the note upon which the suit is brought was not merged in that decree, and no judgment was then given upon it, for the obvious reason that it was not due. The decree does not profess to cover this note; it merely provides that when it should become due, the appellant might go before a master on the foot of that decree, and procure a report as to the amount due, and that upon the coming in and confirmation of that report, a further decree might be made for a sale of the mortgaged property. This clause in the decree was based upon section 89, chap. 84, R. S, 1849, and was undoubtedly intended to save the mortgagee the necessity and expense of filing a bill for a foreclosure and sale of the mortgaged prop-

erty whenever any instalment of principal or interest be-
came due. Having once obtained a decree for a sale of
the property, he was enabled to avail himself of its conditions
whenever default was made, while the property remained
unsold. But surely that portion of the decree would
have been ineffectual and would have had nothing to op-
erate upon after the property had been sold. It was not de-
signed to give the mortgagee the right to come into court,
after the sale, and enter up a personal judgment upon the
notes accompanying the mortgage. Such was not the object
of these conditions in decrees of foreclosure, and we are not
aware that such a practice has ever obtained. It appears to
us that it would be a great stretch of power in a court to
enter up personal judgments in that manner, and the practice'
ought not to be tolerated. So, since there never has been a
judgment on the note sued on, and as it would be irregular
and improper to attempt, after a sale of the mortgaged prem-
ises, to give a judgment upon it under the decree in the Uni-
ted States district court, the record of that court offered in
evidence constituted no bar to the action. Having no rem-
edy under that decree, he should be permitted to proceed on
the note and recover the balance of the debt. 4 Kent's
Comm., 184, and cases cited in the notes; *Hatch vs. White*,
2 Gallison, 152; *Omaly vs. Swan*, 3 Mason, 474; *Schoole vs.
Sall*, 1 Sch. & Lefroy, 176; *Dunkley vs. Van Buren*, 3 Johns.
Ch. R., 330; *The Globe Ins. Co. vs. Lansing*, 5 Cow., 380.

The judgment of the circuit court is reversed, and a new
trial ordered.