## SPRAGUE, President, &c. *vs.* JONES & GRAHAM.

Pleadings in chancery must be actually filed, as well as served, within the time required by the rules of the court. And where a pleading is served upon the adverse party, or his solicitor, without having been filed, such service is irregular.

THIS was an appeal by the defendants from a decision of the vice chancellor of the eighth circuit, denying their application to set aside an order taking the bill as confessed against them. The complainant's solicitor lived in Rochester, and the solicitor for the defendants in the city of New-York. The time for answering expired on the 11th of March ; on which day the answer of the defendants was served by depositing it in the post office at New-York, directed to the complainant's solicitor at Rochester, and paying the post-

1841.

Sprague
v.
Jones.

age thereon, as authorized by the 14th rule of this court. The original answer was also mailed at New-York, on the 8th of March, directed to the clerk of this court in the eighth circuit, but was not in fact received and filed by him until after the time for answering had expired. And the complainant's solicitor not having received the answer sent by mail, entered an order to take the bill as confessed, and for a reference to a master to compute the amount due on the bond and mortgage to the complainant; which order he subsequently insisted was regularly entered, and refused to waive the same.

*L. H. Sandford,* for the appellants.

*W. C. Noyes,* for the respondents.

THE CHANCELLOR. The answer, if true, contains a valid defence to this suit, as it alleges that there is no interest due upon the bond and mortgage, and that the principal has not become due; which would have been the case if default had been made in the payment of the interest for the space of thirty days after such interest became payable from time to time. But as the answer was put in without oath, and there was no affidavit of the truth thereof, upon the hearing of the motion before the vice chancellor, the defendants were not entitled to have the default opened, as a matter of favor, on the ground that they had a valid defence to the suit upon the merits. The only question on this appeal therefore is, whether the order to take the bill as confessed was technically regular.

By the practice of this court, pleadings must be actually filed, as well as served, within the time allowed by the rules of the court, or the service will be irregular. In courts of law, the filing of pleadings is a matter of form merely; but in this court it is essential to the rights of the parties that the pleadings should be actually filed, as the papers thus filed are to form an essential part of the record, upon the enrolment of the decree. And in the case

of a sworn bill or answer it is also important that the original should be filed, as well as that a copy thereof should be served upon the solicitor of the adverse party. For without the production of such original no indictment for perjury could be sustained, although it could be proved by two or more witnesses that the allegations contained in the copy of the bill or answer served on the solicitor of the adverse party were false. This court therefore cannot sanction the practice of serving copies of pleadings upon the adverse party, the originals of which pleadings have not been duly filed.

In this case, the service of the answer at New-York, by putting it into the mail and paying the postage thereon, would have been a good service under the 14th rule, as amended in June, 1840, if the original answer had in fact been filed within the forty days allowed for putting in the answer of the defendants. And an order to take the bill as confessed would have been irregular in that case, although that order was entered before the complainant's solicitor had received the letter enclosing the copy of the answer. But as the answer was not filed as well as served within the time allowed by the rules of the court for putting in the defendants' answer, the order which they subsequently applied to set aside was technically regular ; and the vice chancellor was right in denying their application.

The order appealed from must therefore be affirmed with costs ; but without prejudice to the right of the defendants to renew the application to the vice chancellor, upon further affidavits or papers showing that they have a meritorious defence to this suit, or to some material part of the complainants' demand, which they can not avail themselves of upon the bill taken as confessed against them.