### WILDER vs. LYMAN et. al.

1. Pleadings in Chancery must be actually filed and served within the time required by the rules of the Court. If served upon the adverse party or his solicitor without having been filed, such service is irregular.

2. In such case, where an order *pro confesso* had been entered, no answer having been filed, a motion to set aside the order as irregularly entered, denied; no excuse having been given for the neglect, nor any showing of meritorious grounds of defense, nor copy of answer presented to be filed.

*St. Joseph Circuit, June,* 1871.

WILDER *vs.* LYMAN *et al.*

Lyman, one of the defendants in this case, applied on motion to the Court, supported by affidavit, for an order to set aside an order taking the bill as confessed against him. He claimed to have appeared and served a copy of his answer on complainant's solicitor, within the time to which by stipulation he was entitled in the case, but it appeared that not only was this denied by the opposite party, but that no answer had ever been filed in the case, and the defendant had only offered to file answer long after. the time had expired, and some weeks after he claimed to have served copy. No copy of answer was presented for filing nor was any affidavit of merits made on behalf of the defendant. The Register had refused to receive and file the answer when so offered, the order *pro confesso* having been entered some time previous.

*B. S. Howe,* Solicitor; *Severens & Burrows,* of counsel for Complainant.

*G. P. Doane,* Solicitor for Defendant.

*By the Court,* UPSON, J.—The defendant claims to have the order *pro confesso* set aside as to himself, on the alleged ground that it was irregularly entered, for the reason that he had actually appeared and served a copy of his answer on complainant's solicitor before the time for putting in his answer had expired.

Not only is this denied by the complainant, but it also appears from the defendant's own showing that at the time of the alleged service of copy of his answer the complainant's solicitor declined to receive it, insisting that it was too late, and that at the time no answer had ever been filed in the cause, and none was ever attempted to be filed therein by the defendant, until several weeks after this, when the Register declined to receive it, the order *pro confesso* having been entered prior to the alleged service of copy of the bill.— The defendant does not come with an affidavit of meritorious ground of defence and excuse for his neglect in not answering in time, but claims it as a matter of right to have the order *pro confesso* set aside for irregularity in the entering of it, alleging that he has made no default.

He has, however, failed in his showing to make out such a case. Waiving the question of time in the first instance, it then appears

that the attempted service was too defective to avail the defendant anything in this motion. The service of an answer is not perfect until the original is actually delivered to the proper officer to be filed, and where a pleading is served upon the adverse party or his solicitor, without having been filed, such service is irregular—although if filed on the same day, it has been held sufficient, unless some proceeding had been taken in the meantime to render such subsequent filing improper. 9 *Paige*, 252; 1 *Barb. Ch. R.*, 496.

The motion must be denied with costs, but without prejudice to the right of defendant to make a new application on a proper showing, as he may be advised.