ALLAN SHELDEN ET AL. v. JAMES ERSKINE ET AL.

| 78  627 |
| :f118  262 |

*Mortgage—Delivery—Security for several creditors—Deficiency on foreclosure.*

1. Where a mortgage has been delivered to become operative, a separate delivery is not necessary to every one named in it, but delivery to one is delivery to all, unless there is some reason to the contrary.

So *held*, where a mortgage was executed to a number of

creditors, conditioned for the payment of a given amount, in specified sums, to each creditor, and was accepted by a portion of the mortgagees, and was never repudiated by the others, on whom it imposed no burden.

2. Under such a mortgage, which contains no personal covenant, and does not purport to secure the payment of the sums specified according to existing terms and conditions, but which created in every case a *new* principal, none of the mortgagees can claim to be secured for any greater sum than the one named in the mortgage.

3. There is no practice which authorizes parties to come in and prove their cases, except in the regular course of the cause. A practice has sometimes been followed—how regularly we do not now inquire—of advertising, under receiverships and other cases of administration of funds, for persons to come in and prove their claims, But in the present case the mortgage is for definite parties, and the time for them to come in was before hearing, so that any inquiry needed might be made in due time, by the ordinary examination and cross-examination of witnesses, and the proved debts should have been decreed to be paid at once out of the proceeds of sale of the mortgaged premises.

4. The absence of a personal liability clause in a foreclosure decree is no ground for appeal, unless the decree goes further, and declares that no such liability should exist.

5. The jurisdiction to decree the payment of a deficiency on a foreclosure sale is statutory, and limited to cases where the mortgage is given to secure a written obligation, which must itself be capable of legal enforcement, and also not outlawed (*Ins. Co. v. Brown*, 11 Mich. 265); and it is to be exercised, and the trial of liability had, on a new hearing, after the deficiency is reported. Any decree for payment made in advance of sale is, at best, no more than declaratory, and can fix no rights.[1] *Johnson v. Shepard*, 35 Mich. 115; *Howe v. Lemon*, 37 Id. 164; *Gies v. Green*, 42 Id. 107; *Mickle v. Maxfield*, Id. 304; *Ransom v. Sutherland*, 46 Id. 489; *McCrickett v. Wilson*, 50 Id. 513.

6. How. Stat. § 6702, providing for a decree for the payment by a mortgagor of a deficiency on a foreclosure sale, covers no case where a single decree cannot be made in favor of the complainant. It does not contemplate the case where there are several complainants, who hold the mortgage *jointly*, but have no general right to any of the debts secured.

[1] See *Shelden v. Warner Estate*, 59 Mich. 444; *Vaughan v. Black*, 63 Id. 215; *Shields v. Riopelle*, Id. 458.

7. A statute which transfers to a court of equity jurisdiction to give judgments belonging to the common law cannot be enlarged by construction.

8. The omission of the dates of filing papers from the record is censured as creating trouble in the examination of causes.

Appeal from Sanilac. (Moore, J., presiding.) Argued November 5, 1889. Decided December 28, 1889.

Bill to foreclose a mortgage. Complainants Allan Shelden & Co., and defendants Montague and Wheat, appeal from the decree of foreclosure as entered in the lower court. Decree modified and affirmed. The facts are stated in the opinion.

*John Divine* (*E. F. Bacon,* of counsel), for complainants Allan Shelden & Co., Taylor, Rodgers & Co., Theo. H. Eaton & Son, and R. W. King & Co.

*John Divine* (*S. W. Vance,* of counsel), for complainant S. L. Boyce.

*M. N. Mugan,* for complainant Mayer Wile.

*Byron R. Erskine* (*O. C. Lungerhausen,* of counsel), for defendants James Erskine and Edward Erskine.

*Fred S. Wheat,* for defendants Fred S. Wheat and Chas. Montague.

*Henry A. Harmon,* for defendant Thos. A. Parker, and of counsel for complainants Allan Shelden & Co.

*Elliott G. Stevenson* and *Charles S. McDonald,* for defendants Edson, Moore & Co.

*Cahill & Ostrander,* for defendants Judson, Wiley & Judson.

*P. H. Phillips,* for defendants William E. Stewart, Charles F. Stewart, and Nellie E. Crane.

CAMPBELL, J. This foreclosure suit was brought to

obtain a foreclosure and sale of a mortgage given by defendants Erskine and their wives in favor of a large list of creditors. The mortgage was dated April 1, 1876, and made to all the secured creditors directly. It was conditioned to pay the sum of $31,617, in specified sums, to each separate creditor, in three installments, at 1 year, 18 months, and 2 years, respectively, with 10 per cent. interest. It contained the usual power of sale, and in no way differed from ordinary individual mortgages.

By an omission which we have had reason to censure several times, and which frequently creates trouble in the examination of causes, the dates of filing papers, which are always indorsed, are omitted in the printing, and in some instances we have nothing from which we can get at them.

As the subpœna was issued November 12, 1887, we shall assume the bill was not filed till that day, which was about nine years and a half from the maturity of the secured debts. The mortgage contained no personal covenants, and by its terms the debts were payable severally. Some parties appeared, and the rest were brought in by service or publication, in the usual way. Some answered, and some did not.

Upon proofs put in, complainants Allan Shelden & Co. proved a debt larger than what was stated in the mortgage, and that it had been renewed by note within the limitation period. Other creditors and their assignees proved what was due them. The court gave a decree fixing the amounts due complainants, and other creditors brought in, within the exact limits mentioned in the mortgage, and no more. The decree ordered a sale in the usual way, but omitted any personal decree, and ordered the proceeds of sale to be held in court until proofs should be taken concerning the interests of other

parties, and ordered notice of the hearing of such claims to be given by the commissioner.

Allan Shelden & Co. appealed, but no other creditors. Montague and Wheat appealed from so much of the decree as gave relief to any of the creditors, excepting five firms, who were given $35,005.05. The only tangible ground relied on by defendants Wheat and Montague is that there is no proof that the mortgage was accepted by any but the five firms named in the claim of appeal, and they claim a mortgage must be accepted as well as delivered.

While it is true that delivery and acceptance may be proper elements to be considered, it is also true that, where a mortgage has been delivered to become operative, a separate delivery is not necessary to every one named in it, but delivery to one is delivery to all, unless there is some reason to the contrary. This mortgage imposed no burden on the mortgages, and was entirely for their advantage. None of them ever repudiated it, and every one to whose attention it was brought directly or indirectly approved it. We do not see any defect in the proof of debts, and the form of appeal would not suggest any objection that did not cover all the excepted creditors alike. The want of acceptance is the point most distinctly pressed in the original brief, and we do not think it is well taken.

It may also be remarked that the only proof of Wheat's interest is an admission that he holds the equity of redemption in certain lands, which would indicate that the entire mortgage was to be preferred to his claim. But we do not decide upon this, as there is no doubt that the creditors named in the decree are secured by the mortgage.

So far as Montague is concerned, instead of putting in a sworn disclaimer, he put in an answer which, while set-

ting up no specific claim of his own, denies complainants'
right to relief against him, and avers himself to be a
stranger to the issue. It appeared on the hearing that he
had taken some part in getting Wheat's title, and it does
not appear that he was not a proper defendant on that
account. No decree was made against him for costs, and
he did not take proper measures to be dismissed from the
case. He appealed jointly with Wheat, and based his
appeal on the merits, and not on his title to costs. He
has seen fit to place himself on the footing of an ordi-
nary party.

Shelden & Co.'s appeal covers, as urged in this Court,
three grounds. One is that the allowance to them is too
small. A second is that they should have had a personal
decree. A third is that the commissioner should not
have been directed to postpone the distribution.

Upon the last point, we think, the objection is well
taken. There is no practice which authorizes parties to
come in and prove their cases, except in the regular
course of the cause. A practice has sometimes been fol-
lowed—how regularly we do not now inquire—of advertis-
ing, under receiverships and other cases of administration
of funds, for persons to come in and prove their claims.
But in the present case the mortgage is for definite
parties, and the time for them to come in was before
hearing, so that any inquiry needed might be made in
due time, by the ordinary examination and cross-examin-
ation of witnesses. There is nothing in any issue raised
that would raise any question of parties. Upon the face
of this record, we think, the decree was proper in the
specific findings, and the sale should be made accordingly.

The claim that the mortgage secured Shelden & Co.
any more than the sum mentioned in the mortgage is
not tenable. The mortgage is for one round sum named,
divided up in specific items, precisely making it up. It

does not purport to secure the payment of any of these sums according to the existing terms and conditions, but it created in every case a new principal, payable in three semi-annual installments, with 10 per cent. interest. It is not likely that any of the creditors held claims which they could have sued at law as payable in such proportions, or at such times, or on such terms; but the condition of the mortgage was fixed and definite to pay the sums named in the manner named, and nothing else. And, as there was no covenant, it created no debt that could be sued at law.

The absence of a decree for personal liability in the original decree could be no ground of appeal, unless the decree went further, and declared none should exist. The provision authorizing the enforcement of payment for any deficiency is statutory, and cannot be enlarged. By section 6702 of Howell's Statutes it is provided that—

"On the coming in of the report of sale the court shall have power to decree and direct the payment by the mortgagor of any balance of the mortgage debt that may remain unsatisfied, after a sale of the mortgaged premises, in the cases in which such balance is recoverable at law."

But by the previous section (5656) it was provided that when the mortgage contains no covenant of payment the mortgagee's remedy must be confined to the land, where no—

"Bond or other separate instrument to secure such payment shall have been given."

The jurisdiction is therefore limited to cases where the mortgage is given to secure a written obligation, which must itself be capable of legal enforcement, and also not outlawed. *Michigan Ins. Co. v. Brown*, 11 Mich. 265. And it is also to be exercised, and the trial of liability had, on a new hearing, after the deficiency is reported. Any decree in advance of sale made for payment is, at

best, no more than declaratory, and can fix no rights. See, further, on the whole subject, *Johnson v. Shepard,* 35 Mich. 115; *Howe v. Lemon,* 37 Id. 164; *Gies v. Green,* 42 Id. 107 (3 N. W. Rep. 283); *Mickle v. Maxfield,* Id. 304 (3 N. W. Rep. 961); *McCrickett v. Wilson,* 50 Id. 513 (15 N. W. Rep. 885); *Ransom v. Sutherland,* 46 Id. 489 (9 N. W. Rep. 530).

But, inasmuch as the question of the premature application for the decree was not much considered on the argument, and it may save further complications, we shall dispose of that matter now. It would be a sufficient answer to the application, that the mortgage does not purport to secure any written promise, and its terms do not correspond to any. But there is the further fatal objection that the statute covers no case where a single decree could not be made in favor of the complainant. It does not contemplate the case where there are several complainants, who hold the mortgage jointly, but have no general right to any of the debts secured. Certainly, there could be no joint suit at law in such a case. The decree for deficiency must be in favor of the complainant, but there is no provision for separate personal decrees in favor of separate complainants. There is no obstacle to a suit at law for a deficiency, and great practical difficulty would attend the trial of 15 or 20 separate proceedings in chancery for that purpose, especially if the first decree should sweep the defendants' property on execution before the rest had their turn. But the reasons are not material, if there is no law providing for the specific remedy. A statute which transfers to a court of equity jurisdiction to give judgments belonging to the common law cannot be enlarged by construction.

The only error we find in the decree is its failure to require the debts to be paid at once, out of the proceeds of sale, without further inquiry. It will be affirmed,

with that exception. As all of the appellants prevail on this point, and none of them on any other, and none of the complainants or defendants have opposed this change, we think the decree of this Court should carry no costs on either side. The decree will be affirmed as modified, and the record remanded for further proceedings. The sale may be made without further delay than is necessary to give the proper notices.

SHERWOOD, C. J., CHAMPLIN and MORSE, JJ., concurred. LONG, J., did not sit.