JULIUS J. FRANK, Appellant, *v.* EDWARD A. DAVIS, Respondent.

Under the provision of the Code of Civil Procedure (§ 1627) authorizing a deficiency judgment in a foreclosure suit for "the residue of the debt remaining unsatisfied after a sale of the mortgaged property and the application of the proceeds" it is not essential to such a judgment that the deficiency should be ascertained by a sale in the action; it is sufficient if it be ascertained by a sale in an action to foreclose a prior mortgage to which the party liable was a party.

Where, therefore, after judgment for foreclosure and sale, containing the usual provision for a deficiency judgment, and pending an appeal therefrom the mortgaged premises were sold under a judgment of foreclosure and sale in an action to foreclose a prior mortgage thereon, to which action the parties to the first action were made parties, which sale left a surplus which, upon application of the plaintiff in the first action, was applied upon his judgment, leaving a deficiency, *held,* that he was entitled to a judgment for such deficiency; that for the purposes of his lien the surplus took the place of the mortgaged property, and the application thereof upon his judgment took the place of and was in lieu of a sale.

*It seems* the legislative purpose in the enactments authorizing a deficiency judgment in such an action was to bring the case within the rule, that where a court of equity obtains jurisdiction of an action it may retain it and give full relief both legal and equitable, so far as it relates to the same transaction or subject-matter.

*Frank* v. *Davis* (61 Hun, 496), reversed.

(Argued June 8, 1892; decided October 4, 1892.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made November 14, 1891, which affirmed an order of Special Term granting an application by plaintiff for leave to enter a deficiency judgment.

This action was brought to foreclose a mortgage and the ordinary judgment of foreclosure and sale was given, containing the usual provision for a deficiency judgment and execution thereon. The defendant appealed from the judgment to the General Term and to this court, and the judgment was here affirmed. (127 N. Y. 673.) During the pendency of the appeals proceedings on the judgment were stayed. After the appeal had been taken to this court an action was commenced to foreclose a prior mortgage upon the same premises, to which the parties to this action were made defendants, and that action resulted in a foreclosure judgment, and the premises were sold under that judgment while the appeal in this action was pending in this court, and a surplus was produced after satisfying the prior mortgage. In a proceeding for the distribution of such surplus upon the application of this plaintiff, about the sum of $4,000 was applied upon his judgment, and there was still left unpaid thereon upwards of $3,000. Thereafter upon his motion the order appealed from was made at Special Term directing the clerk to enter and docket a judgment in his favor for the amount of such deficiency, and granting him execution therefor.

*Julius J. Frank* for appellant. The order applied for was properly granted. The court had not only the power, but it was its duty, to make the order. (Code Civ. Pro. §§ 1626, 1628, 1629, 1630; 2 R. S. 191, §§ 152–156; *Clark* v. *Simmons*, 55 Hun, 177; *E. L. Ins. Society* v. *Stevens*, 63 N. Y. 341; *Suydam* v. *Bartle*, 9 Paige, 294; *Scofield* v. *Doscher*, 72 N. Y. 491.) A court of equity has jurisdiction over a cause for any purpose, it may retain the cause for all purposes and proceed to a final determination of all the matters at issue. (*Lynch* v. *R. R. Co.*, 129 N. Y. 274; *Matthews* v.

*Duryee*, 4 Keyes, 525 ; *Dunning* v. *O. N. Bank*, 61 N. Y. 497.)

*Benjamin A. Cardozo* for respondent. The remedy of the plaintiff is by an action at law upon the bond. He cannot obtain a deficiency judgment until there has been a sale of the premises under his own, and not under a prior mortgage. (*Frank* v. *Davis*, 61 Hun, 496 ; *Loeb* v. *Willis*, 22 id. 508 ; *Cobb* v. *Thornton*, 8 How. Pr. 66 ; *Basche* v. *Doscher*, 9 J. & S. 150 ; *Bank of Rochester* v. *Emerson*, 10 Paige, 359 ; *Hunt* v. *Dohrs*, 39 Cal. 304 ; *M. L. Ins. Co.* v. *Hopper*, 42 Atl. Rep. 528 ; 2 Jones on Mort. §§ 1709, 1711 ; *Duntley* v. *Van Buren*, 3 Johns. Ch. 330 ; *Sprague* v. *Jones*, 9 Paige Ch. 397 ; *Burroughs* v. *Tostevan*, 79 N. Y. 567, 572 ; *Orchard* v. *Hughes*, 1 Wall. 73 ; *Noonan* v. *Lee*, 2 Black, 499, 501 ; Code Civ. Pro. §§ 1626, 1627 ; *People* v. *Bacon*, 99 N. Y. 275.) The order of the General Term was discretionary, and is, therefore, not appealable to this court. It lies in the court's discretion in doubtful cases not to make the decree over for the deficiency, but to leave the defendant to sue for the same. ( *Withers* v. *Morrell*, 3 Edw. Ch. 560 ; *N. A. F. Ins. Co.* v. *Handy*, 2 Sandf. Ch. 492 ; *In re Schell*, 128 N. Y. 67 ; *F., etc., Co.* v. *B., etc., Co.*, 109 id. 342.)

EARL, Ch. J. The judge at Special Term granted plaintiff's motion upon the authority of the case of *Stewert* v. *Hamel* (33 Hun, 44). The General Term disapproved of the decision in that case, and held that the jurisdiction of an equity court to enter a deficiency judgment in an action to foreclose a mortgage is strictly statutory, and that such a judgment can be entered only after a sale under the foreclosure judgment and a deficiency thus resulting and ascertained.

In England, and in this state prior to the Revised Statutes, the Court of Chancery, in an action to foreclose a mortgage, was not supposed to have jurisdiction to render a personal judgment against the mortgagor upon his bond or covenant to pay the mortgage debt, and such a judgment could only be

obtained by an action at law. (*Noonan* v. *Lee*, 2 Black, 499,
501; *Orchard* v. *Hughes*, 1 Wall. 73; *Dunkley* v. *Van Buren*,
3 Johns. Ch. 330; *Jones* v. *Conde*, 6 id. 77; *Globe Ins. Co.*
v. *Lansing*, 5 Cow. 380; *Sprague* v. *Jones*, 9 Paige, 252;
*Equitable Life Ins. Socy.* v. *Stevens*, 63 N. Y. 341, 344;
*Burroughs* v. *Tostevan*, 75 N. Y. 567, 572.) This was an
exception to the general rule, that where a court of equity
obtains jurisdiction of an action it will retain it and adminis-
ter full relief, both legal and equitable, so far as it pertains to
the same transaction or the same subject-matter. (*Lynch* v.
*Elevated Railroad Co.*, 129 N. Y. 274; *McGean* v. *The
Same*, recently decided in this court.*) The purpose of this
rule was to relieve parties from the expense and vexation of
two suits, one equitable and the other legal, where the whole
controversy could be adjusted in the one suit. There was no
reason, so far as we can perceive, for taking the case of a
mortgage foreclosure out of this convenient and beneficent
rule; and the lawmakers of this state took early occasion to
change the law by providing that a personal judgment for a
deficiency may be given in the foreclosure action against any
party liable for the mortgage debt. (2 R. S. 191, §§ 151,
154.) They went further than the equitable rule, and author-
ized a personal judgment, not only against the mortgagor, as to
whom equitable relief could be had, but also against any other
person who was obligated for the payment of the same debt.

It was early held that a contingent decree for the payment
of the deficiency could be made before the sale under the
foreclosure judgment. (*McCarthy* v. *Graham*, 8 Paige, 480.)

The position taken by the defendant (in which the court
below sustained him) is extremely technical. It was provided
in the Revised Statutes that a personal judgment against the
mortgagor might be ordered " for the balance of the mortgage
debt that may remain unsatisfied after a sale of the premises;"
and the Code is substantially the same. (§ 1627.) His claim
is that as there has been and could be no sale upon the judg-
ment in this action, the deficiency could not be ascertained in

---

* 133 N. Y. 9.

the mode mentioned in the statute, and that, therefore, a deficiency judgment is unauthorized, and that the plaintiff must bring an action at law to obtain such a judgment.

The purpose of the provisions contained in the Revised Statutes and re-enacted in the Code was to change the chancery rule as it had before been understood, and to bring the practice in foreclosure actions within the general chancery rule above referred to, and even, as we have seen, to extend that rule. The deficiency was to be ascertained by a sale of the mortgage premises, and not by the estimates of witnesses or other less satisfactory evidence. We are asked to hold that enough of the old chancery rule is left to prevent a deficiency judgment, unless the deficiency be ascertained by a sale in the action in which the judgment is asked. We think we are justified in holding that that rule has been entirely swept away and that the general rule in equity practice above referred to, except as it is modified by the provisions of the Code, governs foreclosure as other equitable actions. Where there is a sale under the foreclosure judgment, and after the application of the proceeds there is a balance unpaid upon the mortgage, the deficiency is thus ascertained. But the full purpose of the statute has been accomplished if the deficiency be ascertained, as in this case, by a sale in an action to foreclose a prior mortgage to which the defendant was a party.

The surplus arising from the sale under the prior mortgage is as to this plaintiff, for the purposes of the lien of his mortgage, to be treated as real estate. (*Moses* v. *Murgatroyd*, 1 John. Ch. 119; *Dunning* v. *Ocean National Bank*, 61 N. Y. 497.) The surplus money took the place of the real estate and the plaintiff's lien was transferred to that. He could not sell it under his judgment, but he had the right to have it applied upon his judgment, and such application took the place of and was in lieu of a sale of the real estate. The deficiency was thus ascertained; and we cannot hold that a court of equity could not, in such a case, give a personal judgment for the deficiency, without going against the prevailing practice under the general rule above referred to, without

unnecessarily shortening the arm of equity and sacrificing substance to mere form. The plaintiff properly obtained his equitable judgment, and as part of the relief to which he is entitled, to do complete justice between the parties, he should have the deficiency judgment which he asks.

The order of the General Term should be reversed and that of the Special Term affirmed, with costs in this court and the Supreme Court.

All concur.

Ordered accordingly.