## LOWE v. WEIL.

(Supreme Court, Special Term, New York County. July 14, 1909.)

MORTGAGES (§ 559*)—PRACTICE ON SALE UNDER PRIOR MORTGAGE PENDING FORECLOSURE.

Where mortgaged premises have been sold under a prior mortgage pending foreclosure of the junior mortgage, plaintiff should proceed to enter judgment of foreclosure and sale, and have the surplus in the hands of the chamberlain applied as far as it will go in reducing her mortgage lien, and be relieved from the necessity of a sale by order because of the circumstances, and thereafter she may apply for a deficiency judgment; and hence it was irregular practice where, without entry of any judgment, plaintiff obtained an ex parte order, on an affidavit that none of the defendants appeared, answered, or demurred, and were in default for so doing, directing the clerk to enter a deficiency judgment against defendant mortgagor.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 559.*]

Action by one Lowe against Carrie J. Weil. On motion by defendant to vacate an ex parte order for the entry of a judgment against her. Granted.

Fixman & Lewis, for the motion.
Solon J. Liebeskind, opposed.

ERLANGER, J. Plaintiff brought this action to foreclose a mortgage on premises situated in the city of New York for the nonpayment of $15,000 principal and interest from June 1, 1907. The summons and complaint were served upon the mortgagor, Carrie J. Weil, by substituted service. Pending this action a suit was brought by a prior mortgagee, and the premises sold under a judgment of foreclosure recovered by the prior or first mortgagee. The sale resulted in a surplus, amounting to $2,978.63, which was deposited with the chamberlain. Thereupon, and without the entry of any judgment, plaintiff obtained an ex parte order, on an affidavit that none of the defendants appeared, answered, or demurred, and were in default for so doing, directing the clerk to enter a deficiency judgment against the defendant Carrie J. Weil, the mortgagor, for $15,000 principal and $9,000 interest. This motion is made by the defendant Carrie J. Weil, who appears specially for that purpose, to vacate that order.

Where the mortgaged premises have been sold under a prior mortgage pending foreclosure of the junior mortgage, the practice to be followed is laid down in Loeb v. Willis, 22 Hun, 508, and Frank v. Davis, 135 N. Y. 275, 31 N. E. 1100, 17 L. R. A. 306. The plaintiff should proceed to enter judgment of foreclosure and sale, and have the surplus in the hands of the chamberlain applied as far as it will go in reduction of her mortgage lien, and be relieved from the necessity of a sale by order because of the circumstances. Thereafter she may apply for a deficiency judgment. In the present condition of the record there is an ex parte order to docket a judgment for the full amount of the principal and interest, without any judgment of foreclosure, and without any proof made of her cause of action; and not only that, but the defendant finds herself with a judgment against her for the full amount of the mortgage, although there is a surplus which takes the

place of the land, and the personal judgment is entered, although she has never appeared in the action, and has only been served with a summons by substituted service. Whether the plaintiff can secure a personal judgment against the defendant, in view of section 1627 of the Code, is a serious question which will arise when she applies in the orderly course for a personal judgment of deficiency against the defendant Weil.

Plaintiff's practice is irregular, and the motion must be granted.