**CONTINENTAL-EQUITABLE TITLE & TRUST CO. v. NATIONAL PROPERTIES CO. et al.**

(District Court, D. Delaware.    March 24, 1921.)

No. 401.

1. **Judgment ⟨⟩299(1), 342(1)—Court cannot reverse or annul final decree after term.**

A court cannot reverse or annul its own final decree or judgment for errors of fact or law after the term at which the judgment or decree has been rendered, unless for clerical mistakes, or make any change or modification substantially altering or affecting it in any material thing.

**2. Mortgages ⊂⇒495—Foreclosure decree held not final as respects power to modify.**

A decree of foreclosure, in so far as providing that the mortgage trustee shall have judgment against the mortgagor for deficiency, is not a final decree as respects the power to modify it, by striking such provision after the expiration of the term at which decree was entered.

**3. Corporations ⊂⇒479—Balance due after foreclosure sale held "due to the plaintiff," trustee of corporate mortgage, so as to warrant deficiency decree.**

Under the provisions of a corporate mortgage or trust deed and bonds secured thereby, *held*, that the balance due after foreclosure sale was "due to the plaintiff," trustee of the deed of trust, so as to warrant deficiency decree against the mortgagor in favor of the trustee, under equity rule 10 (198 Fed. xxi).

In Equity. Suit by the Continental Equitable Title & Trust Company against the National Properties Company and its receiver. On application by the named defendant to strike from the decree of foreclosure entered provision for deficiency decree. Motion to strike denied.

Robert H. Richards, of Wilmington, Del., for plaintiff.

Andrew C. Gray, of Wilmington, Del., and H. B. Gill, of Philadelphia, Pa., for defendant National Properties Co.

MORRIS, District Judge. This is a suit in equity for the foreclosure of a mortgage, wherein Continental-Equitable Title & Trust Company, trustee under the mortgage or collateral trust agreement, is plaintiff, and National Properties Company, the mortgagor, and Reuben Satterthwaite, Jr., its receiver, appointed by this court, are defendants. A decree of foreclosure was rendered by this court upon bill and answer at the June term, 1920. A special master was appointed to execute the decree. Included among his duties were the sale of the mortgaged property (in the event of the nonpayment of its indebtedness by the mortgagor within the time fixed by the decree) and the ascertainment of the balance, if any, due over and above the proceeds of the sale. The decree further provides that—

"The plaintiff shall have judgment against the defendants for the amount so as aforesaid ascertained to be remaining due upon the bonds and coupons secured, as aforesaid, by the said mortgage or deed of trust."

The sale has been had, and the report of the master, showing a balance due over and above the proceeds of sale, has been filed. The present application, made by the mortgagor, is to strike from the decree the provision declaring the liability of the mortgagor for a possible deficiency. The basis of the application is an asserted lack of power in the court to enter in this cause a decree for any deficiency, in that, as the mortgagor contends, the debt of the mortgagor is not due to the trustee.

[1] In opposing the application, the trustee asserts (1) that the decree heretofore entered is in all respects a final decree, and, having been entered at a prior term of this court, has now passed beyond its control; and (2) that the debt of the mortgagor remaining after the

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

application of the proceeds of sale of the mortgaged property is due and payable to the trustee. It is well settled that a court cannot reverse or annul its own final decree or judgment for errors of fact or law after the term in which the judgment or decree has been rendered, unless for clerical mistakes, or make any change or modification substantially altering or affecting it in any material thing. Sibbald v. United States, 12 Pet. 488, 492, 9 L. Ed. 1167.

[2] Consequently the matter first to be determined is whether the decree of foreclosure, in so far as it provides that the trustee shall have judgment against the mortgagor for the deficiency is or is not a final decree. The nature of such a provision in a foreclosure decree has been frequently under consideration by the courts. 3 Jones on Mortgages, § 1709a. It has been held to be a "nullity" (Parr v. Lindler, 40 S. C. 193, 18 S. E. 636); "no more than declaratory" (Shelden v. Erskine, 78 Mich. 627, 633, 44 N. W. 146); a "contingent decree" (McCarthy v. Graham, 8 Paige, 480); "interlocutory in character" (Parmele v. Schroeder, 61 Neb. 553, 85 N. W. 562, 87 Am. St. Rep. 466; National Life Ins. Co. v. Fitzgerald, 61 Neb. 692, 85 N. W. 948); and a final decree (Lane v. Equitable Trust Co. of New York [C. C. A.] 262 Fed. 918, 925). While certain of the foregoing decisions were by state courts, yet the statutes under which such decisions were made did not differ materially from equity rule 10 (198 Fed. xxi). For the reasons leading the Nebraska court, in the cases cited, to the conclusion there reached, I am of the opinion that the provision of the decree of foreclosure, declaring the personal liability of the mortgagor for a possible deficiency, is not a final decree. Hence in that particular the decree is still under the control of this court and may be altered, notwithstanding the expiration of the term at which the decree was entered. Fourniquet et al. v. Perkins, 16 How. 82, 14 L. Ed. 854. If it be found that a deficiency decree should not be rendered in this cause, the motion to strike should be granted; otherwise, it should be denied.

[3] May a deficiency decree be properly rendered in this cause? Formerly it was not competent for the federal courts, in a suit for the foreclosure of a mortgage, to render a decree for any balance that might be found due over and above the proceeds of the sale. Noonan v. Lee, 67 U. S. (2 Black) 499, 17 L. Ed. 278. Orchard v. Hughes, 68 U. S. (1 Wall.) 73, 17 L. Ed. 560. This was an exception to the general rule that, where a court of equity obtains jurisdiction of an action, it will retain it and administer full relief, so far as it pertains to the same transaction or the same subject-matter. Frank v. Davis, 135 N. Y. 275, 31 N. E. 1100, 17 L. R. A. 306. To abrogate the exception rule 92 was promulgated by the Supreme Court. 68 U. S. vii. That rule, as now embodied in equity rule 10, provides:

"In suits for the foreclosure of mortgages, or the enforcement of other liens, a decree may be rendered for any balance that may be found due to the plaintiff over and above the proceeds of the sale or sales, and execution may issue for the collection of the same, as is provided in rule 8 when the decree is solely for the payment of money."

The foregoing rule deals solely with remedial, not substantive, rights. It makes no attempt to confer upon a plaintiff in a foreclosure suit substantive rights not already possessed by him. It merely provides a new remedy for the enforcement of existing rights. That the proceeds of the sale were insufficient to pay the amount secured by the mortgage is not questioned by the mortgagor. It contends, however, that the balance ascertained by the master to be due by it is not "due to the plaintiff." Is this contention sound? The answer must be found by ascertaining the respective substantive rights of the trustee and of the bondholders at the time of the institution of this suit. The bonds provide:

"National Properties Company, for value received, hereby promises to pay to the bearer hereof * * * [the principal of the bond] * * * on the 1st day of January, 1946, at the office of" the plaintiff.

The bonds further provide:

"This bond is one of a series of bonds * * * secured by deed of trust, * * * to which deed of trust reference is made for a statement of the nature, character, and extent of the security, *the rights of the holders of the bonds under the same*, and the terms and conditions upon which the bonds are issued and secured."

The latter clause makes the provisions of the deed of trust an essential part of the bonds; consequently the trust deed as well as the bonds must be looked to for the purpose of ascertaining, not only the rights of the trustee, but the "rights of the holders of the bonds" as well. Watson v. Chicago, Rock Island & Pacific R. R. Co., 169 App. Div. 663, 666, 155 N. Y. Supp. 808. Among the provisions of the trust deed are the following:

Article 8, § 2: "If one or more of the following events, hereinafter called events of default, shall happen, that is to say, * * * [enumeration of events of default] * * * the trustee * * * may * * * declare the principal of all the secured bonds then outstanding to be due and payable immediately, and upon any such declaration the same shall become and be immediately due and payable. * * *"

Section 14: "The National Company covenants that, * * * in case default shall be made in the payment of the principal of any of the bonds secured hereby, when the same shall become payable, whether upon the maturity of such bonds or upon declaration as authorized by this indenture, * * * then, upon demand of the trustee, *the National Company will pay to the trustee*, for the benefit of the holders of the bonds and coupons then outstanding, the whole amount which then shall have become due and payable on all the bonds and coupons then outstanding, for interest or principal, or both, as the case may be, with interest upon the overdue principal and on the overdue installments of interest, at the rate of six per cent. (6%) per annum; and in case the National Company shall fail to pay the same forthwith upon such demand, the trustee, in its own name and as trustee for an express trust, shall be entitled to recover judgment for the whole amount so due and unpaid.

"The trustee shall be entitled to recover judgment as aforesaid, either before or after or during the pendency of any proceedings, judicial or otherwise, for the enforcement of the lien of this indenture; and the right of the trustee to recover such judgment shall not be affected by any sale hereunder, or by the exercise of any other right, power or remedy for the enforcement of the provisions of this indenture, or for the foreclosure of the lien thereof; and in case of a sale of the property subject to this indenture and of the application of the proceeds of sale to the payment of the indebtedness hereby secured, *the trustee*, in its own name and as trustee of an express trust, shall be entitled

to enforce payment of, and to receive, all amounts then remaining due and unpaid upon any and all of the bonds then outstanding, for the benefit of the holders thereof, and *shall be entitled to recover judgment for any portion of the debt remaining unpaid, with interest.* No recovery of any such judgment by the trustee, and no levy of any execution upon any such judgment upon property subject to this indenture, or upon any other property, shall in any manner or to any extent affect the lien of this indenture upon the property, or any part of the property, subject to this indenture, or any rights, powers or remedies of the trustee hereunder, or any lien, rights, powers or remedies of the holders of the bonds, but such lien, rights, powers and remedies of the trustee and of the bondholders shall continue unimpaired as before."

Article 10, § 1 (h) : "The exclusive right of action hereunder shall be vested in the trustee, until its refusal or failure to act."

"(i) No bondholder shall be entitled to enforce the provisions of this deed of trust until after demand made upon and indemnity offered to the trustee, and refusal of the trustee to act in accordance with the said demand."

One of the events of default enumerated in section 2 of article 8 of the trust deed did happen. Thereupon the trustee declared the principal of the bonds to be due and payable and made demand upon the mortgagor for payment. The mortgagor failed to pay and this suit was instituted. We are concerned with the respective rights of the bondholders and the trustee existing before default of the mortgagor and declaration and demand by the trustee in so far only as the ascertainment of those rights will aid in the ascertainment of the respective rights of those persons at the critical and decisive moment, namely, at and immediately before the time of the institution of this suit. Under the terms of the collateral trust indenture by which the rights of the holders of the bonds, as well as the rights of the mortgagor and the trustee, were fixed, it seems reasonably clear that the title originally acquired by the bondholders to the debt or chose in action evidenced by the bonds and mortgage was not an absolute right or title, but a defeasible title, determinable upon the happening of a condition subsequent, viz. a default by the mortgagor coupled with a declaration and a demand by the trustee. Upon the happening of those events the title to the chose in action passed by force of the trust deed, as in remainder, to the trustee.

If this view be correct, the legal title to the debt or chose in action vested in the trustee upon declaration and demand by it after default made by the mortgagor. The plaintiff thereupon became a trustee in contradistinction to a grantee of a naked power. The last clause of section 14 of article 8 of the trust agreement seems not inconsistent with this conclusion, for, as I understand that clause, the "lien, rights, powers and remedies" of the bondholders which, as therein provided, were to "continue unimpaired as before," notwithstanding recovery of judgment by the trustee, were not the "lien, rights, powers and remedies" of the bondholders existing before default of the mortgagor and declaration and demand by the trustee, but such "lien, rights, powers and remedies" of the bondholders as existed after the happening of those events, and before recovery of judgment. During that period, under the facts disclosed by the record, the title to the chose in action was vested, not in the bondholders, but in the plaintiff. Consequently I am of the opinion that the balance due by the mortgagor over and above the proceeds of the sale is "due to the plaintiff" within

the contemplation of equity rule 10. Watson v. Chicago, Rock Island & Pacific R. R. Co., 169 App. Div. 663, 155 N. Y. Supp. 808. Grant v. Winona & Southwestern Ry. Co., 85 Minn. 422, 89 N. W. 60. Frank v. Davis, 135 N. Y. 275, 31 N. E. 1100, 17 L. R. A. 306. Lane v. Equitable Trust Co. of New York (C. C. A.) 262 Fed. 918, certiorari denied 252 U. S. 578, 40 Sup. Ct. 344. Brant Independent Min. Co. v. Palmer (C. C. A.) 262 Fed. 370. Seattle, L. S. & E. Ry. Co. v. Union Trust Co., 79 Fed. 179, 24 C. C. A. 512. It follows that a deficiency decree may properly be rendered in this cause.

An order denying the motion to strike may be presented.