Central National Bank of Yonkers, Respondent, v. Max Marks and Others, Appellants, and Anna Hill, Defendant.— Order in foreclosure action, in effect denying motion of the appealing defendants for an order fixing and determining the fair and reasonable market value of the mortgaged premises for the purpose of determining deficiency judgment, and directing a deficiency judgment in favor of the plaintiff, affirmed, with ten dollars costs and disbursements.   Since the mortgage in question was executed after July 1, 1932, it was

---

* Affd., 267 N. Y. 470.

not entitled to the benefit of section 1083-a of the Civil Practice Act. The facts do not warrant the conclusion that it was merely a substitute for the old mortgage. That appellants did not invoke the provisions of the emergency legislation in connection with the foreclosure of the new mortgage justifies the inference that as to it they realized they were not entitled to the benefit of the statute. Nor are defendants entitled to the equitable relief considered in *Monaghan* v. *May* (242 App. Div. 64). Nowhere is it denied that, as claimed by the respondent, they are possessed of independent means, owning a warehouse and eleven vegetable markets, in connection with which they operate a fleet of trucks, and having substantial balances in several savings banks. Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ., concur.