514

THE OTSELIC VALLEY NATIONAL BANK OF SOUTH OTSELIC, NEW YORK, Plaintiff, *v.* DANA D. DAPSON, EDITH C. DAPSON, PETER B. PADDOCK, ELEANOR H. PADDOCK and Others, Defendants.

Supreme Court, Madison County, March 10, 1939.

*Truesdell & Marshall,* for the plaintiff.

*Frank W. Barnes,* for the defendants Peter B. Paddock and Eleanor H. Paddock, opposed.

Defendants Dana D. Dapson and Edith C. Dapson not appearing.

PERSONIUS, J. This action was brought to foreclose two mortgages, one given December 28, 1931, by the defendants Dana D. and Edith C. Dapson, and one given July 30, 1934, by the defendants Peter B. and Eleanor H. Paddock, subsequent owners of the same property. The mortgages secured substantially the same debt. Each mortgage contained a covenant that the mortgagors would pay the indebtedness and that if default was made, the mortgageee " shall have power to sell the premises herein described according to law." This covenant, even in the absence of a bond or note, is sufficient to support a deficiency judgment. (8 Carmody's N. Y. Prac. § 894; *Katz* v. *Katz*, 217 N. Y. 651; *Quackenbush* v. *Quackenbush*, 130 Misc. 738; *Goldman* v. *Rhoades*, 122 id. 567, 569.)

The report of sale, held October 1, 1938, shows a deficit of $1,450.13.

The amount of the deficiency judgment against Dana D. and Edith C. Dapson must be determined under section 1083-a (all statutory references are to the Civil Practice Act), as their mortgage antedated July 1, 1932. On this motion each party presented affidavits and proof by witnesses. We find that the fair and reasonable market value of the mortgaged premises at the time of the sale was $3,125, and award a deficiency judgment against them for the sum of $325.13, with interest from October 1, 1938.

The amount of the deficiency judgment against Peter B. and Eleanor H. Paddock must be determined under section 1083, as their mortgage was given subsequent to July 1, 1932. (*Central National Bank of Yonkers* v. *Marks*, 243 App. Div. 526; *Decker* v. *Dutcher*, 247 id. 689.) That section was amended (Laws of 1938, chap. 510) intermediate the giving of the mortgage and the commencement of this action. Previous to the amendment, it provided for a deficiency judgment " of the residue of the debt remaining unsatisfied, after a sale." By the amendment effective April 7, 1938, the amount of the deficiency judgment on all mortgages is to be determined not by the sale but on motion in the same manner as provided by section 1083-a. The question here, therefore, is whether the deficiency judgment against Peter B. and Eleanor H. Paddock is to be for the amount " remaining unsatisfied," as shown by the report of the referee to sell, or for the difference between the market value of the premises established on motion and the amount owing on the mortgage, including costs, etc., as provided in the amendment.

The amendment, by its language, applies where, as here, " the sale is held after the date this section as hereby amended takes effect."

The plaintiff argues that, if the amendment is construed to apply to mortgages given prior to its effective date, it is unconstitutional in that it would impair the obligation of contracts in violation of section 10 of article 1 of the Constitution of the United States.

What constitutes such impairment? Undoubtedly a law which takes away one's *rights* under a contract does. But does a change in the *remedy* provided for enforcing such rights impair the contract? In *New Orleans City & Lake R. R. Co.* v. *Louisiana ex rel. City of New Orleans* (157 U. S. 219, 224) the court said: " Modes of procedure in the courts of a State are so far within its control that a particular remedy existing at the time of the making of a contract may be abrogated altogether without impairing the obligation of the contract if another and equally adequate remedy for the enforcement of that obligation remains or is substituted for the one taken away." In *Bronson* v. *Kinzie* (1 How. 310, 315) the court said. " And, although a new remedy may be deemed less convenient than the old one, and may in some degree render the recovery of debts more tardy and difficult, yet it will not follow that the law is unconstitutional. Whatever belongs merely to the remedy may be altered according to the will of the State, provided the alteration does not impair the obligation of the contract." *It is immaterial whether the remedy which is altered was given by statute or provided in the contract.* In *Conkey* v. *Hart* (14 N. Y. 22), cited with approval in *Urbis Realty Co.* v. *Globe Realty Co.* (235 id. 194, 206), a lease provided that the lessor might distrain any property in the leased premises. While the lease was in force, the Legislature abolished distraint for rent. The court held such legislation valid as to this lease, saying (p. 29): " All the cases recognize the obvious distinction between impairing the obligation of the contract and altering the remedy for a breach of it, and acknowledge the power of the State over the latter, while maintaining its want of power to impair the obligation of the contract. * * * If, therefore, the lease contained no stipulation between the parties as to the remedy to be had * * * it cannot be doubted that the act in question would be effectual to take away the right to resort to legal process of distress * * *. Is the case altered by the stipulations of this contract? In the view taken by the Supreme Court, the contract in substance contains a stipulation between these parties that this State shall continue in force the legal process of distraining for rent. If this is a subject on which parties can contract, and if their contracts when made become by virtue of the Constitution of the United States superior to the power of the Legislature, then it follows, that whatever at any time exists as part of the machinery for the administration of justice may be perpetuated if parties

choose so to agree." (See, also, *National Surety Co.* v. *Architectural Decorating Co.,* 226 U. S. 276, 282; *Oshkosh Water Works Co.* v. *Oshkosh,* 187 id. 437, 439; *Matter of Berkovitz* v. *Arbib & Houlberg,* 230 N. Y. 261, 276; *Penniman's Case,* 103 U. S. 714; *Conley* v. *Barton,* 260 id. 677, 681; *Honeyman* v. *Hanan,* 302 id. 375, 378.)

Does the amendment to section 1083 impair the contract or merely alter the remedy? At common law no deficiency judgment could be granted in a foreclosure action. A mortgagor was left to an action at law. (8 Carmody's New York Prac. § 886; *Rutherford Realty Co.* v. *Cook,* 198 N. Y. 29, 33.) At an early date the Legislature provided that a deficiency judgment might be given in a foreclosure action (Civ. Prac. Act, § 1083, formerly Code Civ. Proc. § 1627; *Frank* v. *Davis,* 135 N. Y. 275, 278), for " residue of the debt remaining unsatisfied, after the sale of the mortgaged property and the application of the proceeds, pursuant to the directions contained therein." Of this section the court, in *Frank* v. *Davis (supra,* p. 279), said: " The deficiency was to be ascertained by a sale of the mortgaged premises, and not by the estimates of witnesses or other less satisfactory evidence." Evils grew out of this method. Deficiency judgments, " shockingly unfair, if not legalized larceny," were thereby obtained. (*Home Owners' Loan Corporation* v. *Roach,* 163 Misc. 760.) The evils are there well expressed by Mr. Justice CUFF. Section 1083-a remedied these evils so far as concerned mortgages given prior to July 1, 1932. When mortgages given subsequent thereto were foreclosed, the evils were again apparent. This lead to the amendment of section 1083 effective April 7, 1938. The Legislature then concluded that it was more " satisfactory " to ascertain the amount of a deficiency judgment by affidavits or testimony of witnesses before the court or a referee, rather than by a sale which too frequently was a mere matter of form.

We hold that the amendment in question merely altered the remedy of the mortgagor, did not affect any of his rights, and is, therefore, applicable to pre-existing mortgages.

Undoubtedly the mortgage gave the plaintiff mortgagee the right to a deficiency judgment. " The right to a deficiency judgment is the creation of statute * * * but when it exists at the time that a mortgage is executed it may well be urged that it is a part of the contract which may not be impaired by subsequent legislation." (*New York Life Ins. Co.* v. *Guttag Corp.,* 265 N. Y. 292, 296.) But the amendment in question has not in any way destroyed or affected that right; the mortgagee still has it. All that the amendment did was to change the remedy, the procedure, by which the amount of the deficiency judgment was to be ascertained and the judgment granted. Whereas, previously the Legislature con-

sidered it more satisfactory to ascertain that amount by the sale (*Frank* v. *Davis, supra*), it, in view of the evils growing therefrom now considers it more satisfactory to ascertain that amount on a motion where the court or a referee, upon proper proof, can fix the amount. In holding that a *judgment* of foreclosure entered before section 1083-a became effective, was not affected thereby, the court recognized that the Legislature had " control of remedies by which final judgment may be obtained." (*Feiber Realty Corp.* v. *Abel*, 265 N. Y. 94, 99.)

While the amendment in question cannot be upheld as emergency legislation (it does not purport to be such), we conclude that it alters only the remedy and not the rights of the parties and is, therefore, applicable to existing mortgages and constitutional when so construed.

We, therefore, award a deficiency judgment against Peter B. and Eleanor H. Paddock for the sum of $325.13, with interest from October 1, 1938.

Submit order in accordance herewith. No costs.