HOME OWNERS' LOAN CORPORATION, Plaintiff, *v.* BENJAMIN ROACH and Another, Defendants.

Supreme Court, Special Term, Kings County, November 4, 1936.

*Charles W. Darling,* for the plaintiff.

CUFF, J. Plaintiff has submitted for signature an order which confirms the referee's report of sale in a foreclosure action. The report shows a deficiency of $5,973.51. The loan, unpaid interest and charges of foreclosure total only $5,920.21. Upon confirming this report judgment in the sum of $5,973.51 will be entered against defendant in favor of plaintiff.

At the special legislative session in August, 1933, the lawmakers recognized that a practice in mortgage foreclosure suits had grown up that was shockingly unfair, if not legalized larceny. The lender of a mortgage loan would foreclose his lien. In almost every instance there would be no bidder at the sale except plaintiff who would bid a nominal figure and become the owner of the property. Later the referee would file his report of sale. It would show that the amount realized at the sale was less than the principal and unpaid charges.

Based upon the fiction that the bid represented the real market value of the property and upon the further fiction that the difference between the principal plus charges and the amount bid was a total loss to plaintiff, the court permitted — in fact it had to permit — the latter to enter a judgment against the mortgagor, for that difference which became known as a " deficiency judgment." These judgments were always substantial and often greater than the loan itself.

At the conclusion of the foreclosure, plaintiff would not only have title to defendant's property but, in addition a judgment against him often in excess of the amount of the money originally advanced. This was intolerable and unconscionable.

If any reform was to be inaugurated during the period that the devastating depression raged, to relieve owners with mortgages upon their property, it was plainly evident that this was the place to begin.

Much valuable legislation was passed in that 1933 special session of the Legislature, when sections 1083-a and 1083-b of the Civil Practice Act were enacted. They have been fully adequate to right a great wrong. They provided that no deficiency judgment should be entered in foreclosure actions unless a motion was made granting leave. Then, regardless of whether or not defendant appeared, the court was required to determine the fair and reasonable market value of the property as of the date of the sale, and if no such value could be established as of the date of the sale, then at such nearest date when there was a market for that property. The courts held that such value could be proved only by taking evidence at a hearing.

The deficiency judgment was not allowed to be entered except when there was a real difference between the value determined for the property by the court and the charges against the property. That was just. The old way was oppressive. It was wrong long before the depression set in. It was never right. It took the landowner's property and then crushed him out of existence financially by saddling upon his record a heavy judgment. The mortgagee practically was paid twice.

In view of all this when the reform did come why were sections 1083-a and 1083-b limited to only those mortgages executed prior to the 1st of July, 1932? Therefore, mortgages entered into since July, 1932, are subject to all the harshness and double penalties cultivated under the old practice.

About the time that the above laws were passed and for a long time after, few mortgage loans were being made. But 1934, 1935 and 1936 witnessed recovery, and mortgaging of property was and has been resumed. The foreclosures of the loans made after July 1, 1932, are now appearing. The money lenders unchecked by the wholesome "fair market value" provisions of sections 1083-a and 1083-b of the Civil Practice Act are invoking the old practice of taking the property and entering a large judgment as well.

Can the courts help the unfortunate landowner now that sections 1083-a and 1083-b of the Civil Practice Act are not in force? The answer is no. (See *Emigrant Industrial Savings Bank* v. *Van Bokkelen*, 269 N. Y. 110.) This is a matter for the Legislature which should act with all convenient speed. This order I most reluctantly sign.