**GUARANTY NATIONAL BANK, a National Banking Association, Appellant,**

v.

**Robert O. LISTER, Jr., Appellee.**

**No. 46660.**

Court of Appeals of Oklahoma, Division No. 1.

July 8, 1975.

Released for Publication by Order of Court of Appeals July 31, 1975.

Edwin McComas, Elk City, for appellant.

Ivester, Ivester & Ivester, Sayre, for appellee.

BOX, Judge:

This is an action by Guaranty National Bank, plaintiff in the trial court, who as a holder of a promissory note brought suit against Robert O. Lister, Jr., defendant, on said note.

The record before this Court reveals the following, to-wit: A judgment was entered for plaintiff and against defendant. Thereafter and within the time to file their petition in error, plaintiff appealed. The petition in error contains the following paragraph, to-wit:

"That the Defendant and Appellee has filed in the trial court his motion for new trial, setting forth grounds of alleged error and praying that judgment of the trial court be set aside and that judgment be entered for the Defendant and Appellee; that said motion has not been disposed of as of the date of filing of this petition in error."

The record before this Court bears out the above statement. The record further reveals that both parties took exception to the judgment and actions of the trial court, and the jury verdict. Furthermore, the record before this Court at this time does not reveal a disposition of the Motion for a New Trial.

We are dealing here with the jurisdiction of this Court over the subject matter. Jurisdiction cannot be conferred by consent. See Merchants Delivery Service, et al. v. Joe Esco Tire Co., et al., 497 P.2d 766.

In Hawkins v. Hurst, 467 P.2d 159, the court syllabus states:

"The question of jurisdiction is primary and fundamental in every case and must be inquired into and answered by this court, as to its own jurisdiction as well as to the jurisdiction of the court from which the appeal is taken, whether raised by any party or not."

12 O.S.1971, § 991(a) reads as follows:

"The right of a party to perfect an appeal from a judgment, order or decree of the trial court to the Supreme Court shall not be conditioned upon his having filed in the trial court a motion for a new trial, *but in the event a motion for a new trial is filed in the trial court by a party adversely affected by the judgment, order or decree, no appeal to the*

*Supreme Court may be taken until subsequent to the ruling by the trial court on the motion for a new trial. . . ."* (Emphasis supplied.)

In view of the foregoing, this appeal is hereby dismissed.

Dismissed.

ROMANG, P. J., concurs.