**DELHI GAS PIPELINE CORPORATION, Appellant,**

v.

**Elzon MAYHALL et al., Appellees.**

**No. 47477.**

Court of Appeals of Oklahoma, Division No. 1.

Oct. 14, 1975.

Released for Publication by Order of Court of Appeals Feb. 26, 1976.

Kimball, Wilson & Williams by Gary W. Williams, Oklahoma City, for appellant.

McClelland, Collins, Sheehan, Bailey, Bailey & Belt by William F. Collins, Jr., Oklahoma City, for appellees.

ROMANG, Presiding Judge:

Delhi Gas Pipeline Corporation brought this action to condemn an easement for a pipeline right-of-way across the 160 acre farm of the defendants. The easement is 50 feet wide and 2652 feet long containing approximately 3.04 acres.

Both sides objected to the report of the Commissioners appointed by the trial court, and demanded a jury trial.

Trial of the case resulted in a verdict and judgment for the defendant landowners in the amount of $20,000.00 on April 10, 1974.

The defendants filed a Motion for New Trial on April 18, 1974.

The plaintiff filed a Petition in Error in the Supreme Court of the State of Oklahoma on May 8, 1974, and filed an Amended Petition in Error on May 23, 1974.

The trial court overruled defendants' Motion for New Trial on March 26, 1975, and the Journal Entry of said overruling order was filed in the trial court on April 18, 1975.

Thus it can be seen that plaintiff's Amended Petition in Error was filed in the Supreme Court of Oklahoma approximately ten months before the trial court overruled the defendants' Motion for New Trial.

12 O.S.1971, § 991(a) provides:

"The right of a party to perfect an appeal from a judgment, order or decree of the trial court to the Supreme Court shall not be conditioned upon his having filed in the trial court a motion for a new trial, *but in the event a motion for a new trial is filed in the trial court by a party adversely affected by the judgment, order or decree, no appeal to the Supreme Court may be taken until subsequent to the ruling by the trial court on the motion for a new trial, . . . ."* (Emphasis supplied.)

In *Hawkins v. Hurst*, Okl., 467 P. 2d 159 (1970), the court syllabus holds:

"The question of jurisdiction is primary and fundamental in every case and must be inquired into and answered by this court, as to its own jurisdiction as well as to the jurisdiction of the court from which the appeal is taken, whether raised by any party or not."

We are dealing here with the jurisdiction of this court over the subject matter as a result of the Petition in Error being filed prematurely. Jurisdiction cannot be conferred by consent. *Merchants Delivery Service v. Joe Esco Tire Co.,* Okl., 497 P.2d 766 (1972).

The premature filing of the Petition in Error and the Amended Petition in Error did not confer jurisdiction on the Oklahoma Supreme Court at the time of filing, nor did such operate to confer appellate jurisdiction approximately ten months later when defendants' Motion for New Trial was overruled. Since no Petition in Error was filed within thirty (30) days from the date of the order overruling defendants' Motion for New Trial, this appeal must be, and it is hereby dismissed for lack of jurisdiction. See 12 O.S.1971, § 990, and *Guaranty National Bank v. Lister*, Okl.Ct.App., 538 P.2d 616, 46 O.B.J. 1316 (1975).

Dismissed.

REYNOLDS and BOX, JJ., concur.