William A. MEHOJAH and Fredericka L. Mehojah, husband and wife, Appellants,

v.

John H. MOORE, Robert H. Oberfell, Darlene M. Oberfell, and Frank Thurman, Sheriff of Tulsa County, Appellees.

No. 65911.

Court of Appeals of Oklahoma, Division No. 4.

June 2, 1987.

Rehearing Denied June 29, 1987.

Certiorari Denied Oct. 20, 1987.

Bruce G. Straub, Robert E. Parker and Associates, Tulsa, for appellants.

Linda G. Morrissey, Tulsa, for appellees.

## OPINION

STUBBLEFIELD, Judge.

This is an appeal from a summary judgment for Defendants in an action to quiet title and denial of a restraining order to prevent the sale of Plaintiffs' real property in satisfaction of an in personam judgment against Plaintiffs' predecessor in interest. After a review of the record and applicable law, we affirm.

### I

On January 30, 1985, John H. Moore, Robert H. Oberfell and Darlene Oberfell obtained an in personam judgment in a mortgage foreclosure action against Merritt Lee McCurry, Jr., d/b/a McCurry Investment Company (McCurry). The judgment was for $37,619.94 plus interest, abstracting fees, costs, and attorney's fee, and decreed that the subject property be sold. A certified copy of the judgment was recorded in the office of the Tulsa County Clerk on February 25, 1985. An affidavit giving notice of the judgment and describing all the *other* real property owned by McCurry was filed with the Tulsa County Clerk on February 26, 1985. On that same date, a certified letter giving notice of the judgment was mailed to the real estate agent who was listing for sale another McCurry property that is the subject of this lawsuit.

On March 20, 1985, McCurry conveyed that real property to William A. and Fredericka L. Mehojah. The general warranty deed was recorded in the office of the Tulsa County Clerk on March 31.

On April 18, a deficiency judgment was entered for Moore and the Oberfells against McCurry, from which general execution could issue. On August 19, 1985, they filed an execution against the Mehojahs' property, claiming a lien by virtue of their earlier filing of the judgment against McCurry.

The Mehojahs filed this action against Moore and the Oberfells on September 24, to quiet title to "Lot Eleven (11), Block One (1), MINSHALL PARK I, An Addition to the City of Tulsa, Tulsa County, State of Oklahoma," and for a temporary restraining order and injunction to prevent the sheriff's sale of that property scheduled for September 26. They further sought to enjoin any further attempts to execute on the property. A temporary restraining order was granted Plaintiffs on September 30. However, on January 27, 1986, Defendants filed a motion for summary judgment, which was granted on February 6. It is from this summary judgment that Plaintiffs appeal.

### II

The facts of the case are not in dispute. Both sides agree that the case is appropriate for summary judgment, but each maintains that the applicable law dictates that it prevail. The Mehojahs' first proposition of error is as follows:

THE TRIAL COURT'S GRANTING OF APPELLEES' MOTION FOR SUMMARY JUDGMENT IS REVERSIBLE ERROR INASMUCH AS A PROPERLY FILED MOTION FOR A DEFICIENCY JUDGMENT IS A POST–JUDGMENT PREREQUISITE TO AN ISSUANCE OF GENERAL EXECUTION, AND AS SUCH APPELLEES WOULD NOT HAVE BEEN ENTITLED TO A WRIT OF GENERAL EXECUTION UNTIL *AFTER* THE AMOUNT OF THE DEFICIENCY COULD HAVE BEEN DETERMINED TO A LEGAL CERTAINTY.

The proposition, however, misses the real issue of the appeal. It is undisputed that Defendants were not entitled to a general

execution prior to the entry of the deficiency judgment—they did not attempt to execute herein until some four months after the entry of the deficiency. The real issue is whether an in personam judgment granted in a foreclosure proceeding, when filed with the county clerk, as provided by 12 O.S.1981 § 706, becomes a lien on *all* the real property owned by the judgment debtor or whether the lien may attach only after the entry of a deficiency judgment and the filing of it pursuant to section 706. Plaintiffs do address the crux of the dispute in their remaining proposition of error wherein they contend that the deficiency judgment is a new judgment, and therefore it is this deficiency judgment which, if filed of record, could impress a lien on *all* of a judgment debtor's property within the county. However, we do not find it helpful to address the vital issues of this appeal within the context of Plaintiffs' propositions of error, although we shall address each of their complaints.

■■■ As stated, the law is clear that a plaintiff in a foreclosure action may not generally execute upon the property of the judgment debtor until after the sheriff's sale of the foreclosed property and the determination and entry of a deficiency judgment. *Baker v. Martin,* 538 P.2d 1048 (Okla.1975); *Aycock v. Harriman,* 185 Okla. 590, 95 P.2d 110 (1939); 12 O.S.1981 § 686. Likewise, if a party fails to timely obtain a judicial determination of deficiency after the sale of the foreclosed property, the judgment is deemed satisfied by the sheriff's sale. *Selby v. Kelly Rae Apartments, Inc.,* 634 P.2d 1303 (Okla.1981); 12 O.S.1981 § 686.

The issue that apparently has not been addressed in this state is whether the provisions of 12 O.S.1981 § 686 somehow modify the general provisions of 12 O.S.1981 § 706 so that a lien does not arise upon the filing of an in personam judgment obtained in a foreclosure proceeding until a deficiency judgment has been entered by the court and filed with the county clerk. Title 12 O.S.1981 § 706 provides:

Judgments of courts of record of this state and of the United States shall be liens on the real estate of the judgment debtor within a county from and after the time a certified copy of such judgment has been filed in the office of the county clerk in that county. No judgment whether rendered by a court of the state or of the United States shall be a lien on the real estate of a judgment debtor in any county until it has been filed in this manner. Execution shall be issued only from the court in which the judgment is rendered.

Title 12 O.S.1981 § 686 (emphasis added), in pertinent part, provides:

In actions to enforce a mortgage, deed of trust, or other lien or charge, a personal judgment or judgment or judgments shall be rendered for the amount or amounts due as well to the plaintiff ... with interest thereon, and for sale of the property charged and the application of the proceeds; .... *Notwithstanding the above provisions no judgment shall be enforced for any residue of the debt remaining unsatisfied as prescribed by this act after the mortgaged property shall have been sold, except as herein provided.* Simultaneously with the making of a motion for an order confirming the sale or in any event within ninety (90) days after the date of the sale, the party to whom such residue shall be owing may make a motion in the action for leave to enter a deficiency judgment upon notice to the party against whom such judgment is sought or the attorney who shall have appeared for such party in such action. Such action shall be served personally or in such other manner as the court may direct. Upon such motion the court, whether or not the respondent appears, shall determine, upon affidavit or otherwise as it shall direct, the fair and reasonable market value of the mortgaged premises as of the date of sale or such nearest earlier date as there shall have been any market value thereof and shall make an order directing the entry of a deficiency judgment. Such deficiency judgment shall be for an amount equal to the sum of the amount owing by the party liable as determined by the judgment with interest,

plus costs and disbursements of the action plus the amount owing on all prior liens and encumbrances with interest, less the market value as determined by the court or the sale price of the property whichever shall be the higher. If no motion for a deficiency judgment shall be made as herein prescribed the proceeds of the sale regardless of amount shall be deemed to be in full satisfaction of the mortgage debt and no right to recover any deficiency in any action or proceeding shall exist. . . .

It is Defendants' contention that their filing of the judgment in compliance with the provisions of section 706 caused the lien to attach at that time subject to the conditions and restrictions upon execution set out in section 686. They admit they could not execute on the other real property assets of the debtor until the entry of the deficiency, but maintain that the lien nonetheless attached to all of the Tulsa County property of McCurry on the date of the filing of the judgment. The Mehojahs maintain that only the deficiency judgment could have created a lien on McCurry's *other* property, and that Defendants could have obtained a lien only by *filing the deficiency judgment* prior to the Mehojahs' purchase of the property from McCurry. They maintain that their purchase of the property prior to the entry of a deficiency prevented any attachment of a lien.

The parties agree that this is a case of first impression. However, while the precise issue presented has not been addressed on appeal, the statutes involved have been interpreted in such a manner that this court is not presented with a blank slate upon which to analyze the question.

Both section 686 and section 706 have their origin in Kansas statutes which were first analyzed and interpreted in *Lisle v. Cheney*, 36 Kan. 578, 13 P. 816 (1887). In *Lisle*, the court found that in the Kansas statute, from which section 686 is taken, there is but one judgment—a personal judgment. However, in addition to "this ordinary judgment," there is an order for the "sale of the property charged, and an application of the proceeds to the satisfac-

tion of the judgment." 36 Kan. at 581, 13 P. at 817.

■ As with its Kansas prototype, the clear language of section 686 provides that an in personam judgment must be rendered in a foreclosure action and, for any residue still owing after the sale of specified property, the judgment creditor may make a motion, in the same action, for a determination of the deficiency in satisfaction of the in personam judgment. The judicial determination of the amount of deficiency is a post-judgment prerequisite to the judgment creditor's pursuit of further process in satisfaction of the judgment. *Baker*, 538 P.2d at 1048; *Aycock*, 185 Okla. at 591, 95 P.2d at 110; *Lisle*, 36 Kan. at 584, 13 P. at 819.

In *Reconstruction Finance Corp. v. Breeding*, 211 F.2d 385, 390 (10th Cir.1954) (emphasis added), the court stated:

Under the law of Oklahoma, entry of a so-called deficiency judgment in accordance with section 686. . . . *is merely the approval of the execution of the process of the court in the enforcement of its original judgment*. . . . Until entry of the deficiency in the manner fixed in the statute, the amount remaining due on the original judgment to be satisfied through the issuance of a general execution and a levy and sale pursuant thereto is not judicially ascertained and no general execution can issue. Entry of the deficiency is a post-judgment prerequisite to the issuance of a general execution for the enforcement of the unpaid balance due upon the original judgment. *Aycock v. Harriman*, 185 Okl. 590, 95 P.2d 110.

■ Therefore, when the trial court acts upon a motion for deficiency, the entry of the deficiency judgment represents the judicial determination of the difference between the amount of the judgment entered in the lawsuit and the fair market value of the mortgaged premises on or near the date of the sale. The entry of a deficiency judgment is but a *supplemental* order entered in the lawsuit which allows the judgment creditor to obtain a writ of general execution to satisfy the deficiency amount. *Bartlett Mortgage Co. v. Morrison*, 183 Okla. 214, 81 P.2d 318 (1938); *Reconstruction Finance Corp.*, 211 F.2d at 385.

Title 12 O.S.1981 § 706 is a broader and more comprehensive statute than is section 686, and deals with all judgments of courts of record. It allows judgment creditors to impress liens on the real estate of judgment debtors within a county by the filing of a certified copy of a judgment with the county clerk. No exception is made for judgments in foreclosure actions. Nor can we say that the provisions of 12 O.S.1981 § 686 in any way restrict the section 706 lien procedures in foreclosure lawsuits. The restrictions are entirely *upon the right of execution*, and do not in any way modify the statutory provisions for creating a lien.

In interpreting the antecedent to 12 O.S. 1981 § 706, the *Lisle* court concluded: ·

Under a judgment for any other money demand, the judgment creditor has a lien on the real estate of the debtor within the county; *under a judgment on a money demand secured by a mortgage, a judgment creditor has a lien on the real estate of the debtor within the county, with this condition attached, that the proceeds of the sale of certain specific real property shall be first applied to the satisfaction of such judgment.*

36 Kan. at 583, 13 P. at 819.

We think the result reached in the century old Kansas case best harmonizes the two statutes involved. The result of applying the rationale of *Lisle* in this case is that a lien arose on February 25, 1985, when Defendants filed their judgment with the county clerk. At that time, all of the Tulsa County real property of Merritt Lee McCurry was encumbered, including the land that is the subject of this action. The lien thereby created was subject to the condition that the property involved in the foreclosure proceedings be sold and the proceeds of the sheriff's sale applied to the judgment before execution could issue against other real property. Conditioned though it may have been, the lien arose nonetheless. The sale was held, application of the proceeds was made, and a deficiency was declared. The conditions thus having been met, the impediment to the judgment creditors' execution was removed, and they could and did proceed to enforce their lien upon the property herein involved. We find nothing erroneous in the trial court's ruling that Defendants were acting according to law. The judgment of the trial court is affirmed. ·

RAPP, J., concurs.

BRIGHTMIRE, P.J., concurs specially.

BRIGHTMIRE, Presiding Judge, concurring specially.

I concur fully with the court's opinion. I do want to add, however, that like most other lawyers I found it necessary to adjust years of thinking the other way, namely, that the judgment was some sort of an interlocutory event in the course of the litigation. Upon reflection it began to appear that the problem was one of semantics caused by the statutory reference to the judicial deficiency calculation as a "judgment." Clearly there can be but one judgment in an action on a given subject matter,[1] so either the first adjudication is not a final judgment or the so-called deficiency "judgment" is not a judgment at all but a judicial determination of the amount remaining due on the judgment after sale of the mortgaged property.

That the foreclosure judgment is a final one with regard to the amount due on the note is hardly subject to dispute. It is docketed just like every other judgment and it is appealable. It determines all the rights of the parties to the litigation which exist up to that point.[2] Though the subsequent ancillary proceeding may create new disputes, it does not create new rights.

I have no trouble whatever with the legal conclusion that once placed in the judgment docket as required by statute, the judgment which determines the amount due from mortgagor on the note and enters judgment in favor of mortgagee for that amount along with foreclosure of the mortgage, becomes a lien on another piece of

---

1. *Aishman v. Taylor,* 516 P.2d 244 (Okl.1973); *Tobin Constr. Co. v. Grandview Bank,* 424 P.2d 81 (Okl.1967).

2. *Reliable Life Ins. Co. of St. Louis v. Cook,* 601 P.2d 455 (Okl. (1979).

real property owned by mortgagor and situated in the county in which the judgment was filed.

This result was reached a century ago by the Supreme Court of Kansas, *Lisle v. Cheney*, 36 Kan. 578, 13 P. 816 (1887), the state whence came our own statute—12 O.S.1981 § 686, first adopted in 1893.[3]

So far as I can find, the validity of the so-called deficiency judgment as such has never been challenged.[4] Nor has the more disquieting provision—that the amount received from the sale of the mortgaged property shall be deemed to satisfy the judgment if no deficiency "judgment" is asked for. It seems to me that in this respect § 686 is at war with the one judgment rule mentioned earlier and might well run afoul of the constitutional guarantees of due process and equal protection by requiring a class of creditors—those whose promissory note is secured by a mortgage—to seek a second "judgment" if a sale of the security does not satisfy the first judgment, and failing to do so, arbitrarily declare the unsatisfied judgment satisfied.

---

3. St.1893, § 4290.

4. There was a lack of due process notice challenge in *Reliable Life Ins. Co. of St. Louis v. Cook, supra,* footnote 2.