2008 OK CIV APP 39

**FIRST UNITED BANK AND TRUST CO., Pauls Valley, Oklahoma, Plaintiff/Appellant,**

v.

**W. Don WILEY and Aletta June Wiley, Husband and Wife, Defendants/Appellees,**

and

**James A. Wiley and Barbara Leyendecker, Defendants.**

No. 104,287.

Court of Civil Appeals of Oklahoma, Division No. 2.

Dec. 19, 2007.

Heather Burrage, Burrage Law Firm, Durant, Oklahoma, for Plaintiff/Appellant.

C. Craig Cole, John E. Gatliff II, C. Craig Cole & Associates, Oklahoma City, OK, for Defendants/Appellees.

KEITH RAPP, Chief Judge:

¶1 The trial court plaintiff, First United Bank and Trust Co., Pauls Valley, Oklahoma (Bank), appeals an Order vacating a deficiency judgment held by Bank against the defendants, W. Don Wiley and Aletta June Wiley, husband and wife, and James A. Wiley (collectively Wiley).[1]

---

1. In the original foreclosure proceedings, the defendant Barbara Leyendecker disclaimed any interest in the property being foreclosed and is not a party to the present case.

## BACKGROUND

¶ 2 The parties do not dispute the essential facts. Moreover, the facts are taken from the judgment roll and the trial court limited its inquiry to the judgment roll.

¶ 3 This case began in 1998 as an action to collect on a secured obligation and to foreclose the real property mortgage securing the obligation. Wiley lost on the merits and lost on appeal, resulting in a judgment in excess of $370,000.00, inclusive of interest, attorney fees and costs.

¶ 4 The real property was sold, in two tracts, to the plaintiff Bank at sheriff's sale on August 29, 2002, for a total of $207,000.00. On October 3, 2002, Bank filed a motion to confirm the sale, but this motion did not incorporate a motion for any deficiency nor was a separate motion for deficiency then filed as provided in 12 O.S.2001, § 686.[2]

¶ 5 The trial court confirmed the sale by order filed November 1, 2002, and no deficiency amount was fixed in that order.[3]

¶ 6 Bank filed a Motion For Leave to Enter Deficiency Judgment on December 26,

2. Record, p. 25. Section 686, in pertinent parts, reads:

In actions to enforce a mortgage, deed of trust, or other lien or charge, a personal judgment or judgments shall be rendered for the amount or amounts due as well to the plaintiff as other parties to the action having liens upon the mortgaged premises by mortgage or otherwise, with interest thereon, and for sale of the property charged and the application of the proceeds; or such application may be reserved for the future order of the court, and the court shall tax the costs, attorney's fees and expenses which may accrue in the action, and apportion the same among the parties according to their respective interests, to be collected on the order of sale or sales issued thereon; when the same mortgage embraces separate tracts of land situated in two or more counties, the sheriff of each county shall make sale of the lands situated in the county of which he is sheriff. No real estate shall be sold for the payment of any money or the performance of any contract or agreement in writing, in security for which it may have been pledged or assigned, except in pursuance of a judgment of a court of competent jurisdiction ordering such sale. The court may, in the order confirming a sale of land under order of sale on foreclosure or upon execution, award or order the issuance of a writ of assistance by the clerk of the court to the sheriff of the county where the land is situated, to place the purchaser in full possession of such land, and any resistance of the service of such writ of assistance shall constitute an indirect contempt of the process of such court, and if any person who has been removed from any lands by process of law or writ of assistance or who has removed from any lands pursuant to law or adjudication or direction of any court, tribunal or officer, afterwards, without authority of law, returns to settle or reside upon such land, he shall be guilty of an indirect contempt of court, and may be proceeded against and punished for such contempt. *Notwithstanding the above provisions no judgment shall be enforced for any residue of the debt remaining unsatisfied as prescribed by this act after the mortgaged property shall have been sold, except as herein pro-*

*vided. Simultaneously with the making of a motion for an order confirming the sale or in any event within ninety (90) days after the date of the sale, the party to whom such residue shall be owing may make a motion in the action for leave to enter a deficiency judgment upon notice to the party against whom such judgment is sought or the attorney who shall have appeared for such party in such action. Such notice shall be served personally or in such other manner as the court may direct. Upon such motion the court, whether or not the respondent appears, shall determine, upon affidavit or otherwise as it shall direct, the fair and reasonable market value of the mortgaged premises as of the date of sale or such nearest earlier date as there shall have been any market value thereof and shall make an order directing the entry of a deficiency judgment. Such deficiency judgment shall be for an amount equal to the sum of the amount owing by the party liable as determined by the judgment with interest, plus costs and disbursements of the action plus the amount owing on all prior liens and encumbrances with interest, less the market value as determined by the court or the sale price of the property which-ever shall be the higher. If no motion for a deficiency judgment shall be made as herein prescribed the proceeds of the sale regardless of amount shall be deemed to be in full satisfaction of the mortgage debt and no right to recover any deficiency in any action or proceeding shall exist.* (Emphasis added.)

The emphasized portion of Section 686 was added in 1941. 1941 Okla. Sess. Laws p. 35, § 1. Although Section 686 employs the term "deficiency judgment," the process is one of judicially fixing the balance of the original judgment after special execution on the foreclosed property to enforce the original judgment. The judicial establishment of a balance on the original judgment under Section 686 is a prerequisite to issues of general execution on the judgment. *Mehojah v. Moore*, 1987 OK CIV APP 43, ¶¶ 14–15, 744 P.2d 222, 225 (approved for publication by order of the Supreme Court.)

3. Record, p. 27.

2002, or 119 days after the sale. The statute, 12 O.S.2001, § 686, specifies that the deficiency motion be filed simultaneously with the motion to confirm or not later than ninety days after the sale. Wiley, through counsel, objected to the deficiency with a response filed January 15, 2004, but not on the ground that the motion for deficiency failed to meet the deadline under Section 686.[4] After a hearing, which was not attended by Wiley or counsel for Wiley, the trial court entered a deficiency judgment of $177,930.57.[5] The journal entry was filed March 4, 2003. Wiley did not appeal.

¶ 7 In September of 2006, Bank sought to execute on Wiley's property to recover on the deficiency judgment. Wiley, with new counsel, sought and obtained a temporary injunction against the execution. Wiley raised the failure to comply with the time deadline in Section 686 as a ground for injunctive relief and claimed that the deficiency judgment was void.

¶ 8 Thereafter, on December 5, 2006, Wiley moved to vacate the deficiency judgment. Wiley again asserted that the failure to meet the Section 686 deadline rendered the deficiency judgment void for lack of jurisdiction.

¶ 9 In response, Bank argued that Wiley cannot now complain because they participated in the deficiency proceedings and did not appeal. Second, Bank argued that Wiley waived its argument by appearing in the deficiency process without asserting the jurisdiction argument or by waiting too long to raise the issue. Wiley's reply distinguished void and voidable judgments and reiterated that the deficiency judgment was void for lack of jurisdiction due to failure to comply with Section 686.

¶ 10 The trial court agreed with Wiley and vacated the deficiency judgment for lack of jurisdiction. Supporting findings of fact and conclusions of law accompanied the trial court's judgment.[6] Bank appeals.

### STANDARD OF REVIEW

¶ 11 The test for measuring the legal correctness of the trial court's ruling on a motion to vacate or set aside judgment is whether sound discretion was exercised upon sufficient cause shown to vacate, modify, open or correct its earlier decision, or to refuse the relief sought. *VanNort v. Davis*, 1990 OK CIV APP 95, ¶ 9, 800 P.2d 1082, 1085. An order vacating said judgment will not be disturbed on appeal unless it clearly appears that the trial court has abused that discretion, because an application to vacate a judgment, under 12 O.S.2001 § 1031, is addressed to the sound legal discretion of the trial court. *Burroughs v. Bob Martin Corp.*, 1975 OK 80, ¶ 23, 536 P.2d 339, 342–43.

¶ 12 Here, the trial court's ruling that the deficiency judgment was void provides the premise for vacating that judgment. Thus, in order to test whether the trial court abused its discretion, this Court must determine whether the trial court made a correct legal ruling. When the facts are not disputed, an appeal presents only a question of law. *Baptist Bldg. Corp. v. Barnes*, 1994 OK CIV APP 71, ¶ 5, 874 P.2d 68, 69. The appellate court has the plenary, independent, and non-deferential authority to reexamine a trial court's legal rulings. *Neil Acquisition, L.L.C. v. Wingrod Inv. Corp.*, 1996 OK 125, 932 P.2d 1100 n. 1. Matters involving legislative intent present questions of law which are examined independently and without deference to the trial court's ruling. *Keizor v. Sand Springs Ry. Co.*, 1993 OK CIV APP 98, ¶ 5, 861 P.2d 326, 328.

¶ 13 To ascertain intent, the Court looks to the language of the pertinent statute(s) and presumes the legislative body intends what it expresses. Where a statute's language is plain and unambiguous, and the meaning clear and unmistakable, no justification exists for the use of interpretative devices to fabricate a different meaning. Terms in a statute are given their plain and ordinary meaning, except when a contrary intention plainly appears, and the words of a statute should generally be assumed to be used by the law-making body as having the

---

4. Record, p. 32.

5. Record, p. 37.

6. Wiley's Motion for Oral Argument is denied.

same meaning as that attributed in ordinary and usual parlance. *Neer v. Oklahoma Tax Comm'n*, 1999 OK 41, ¶¶ 15–16, 982 P.2d 1071, 1078.

## ANALYSIS AND REVIEW

■■■■ ¶ 14 The decisive question is whether Section 686 removes the court's power to act whenever a foreclosing party fails to request a deficiency judgment within the prescribed time. Such power is one of the three components of a valid court judgment—jurisdiction of the person, jurisdiction of the subject matter, and the power of the court to decide the particular matter and render the particular judgment at issue.[7] *In re A.N.O., a Minor Child*, 2004 OK 33, ¶ 9, 91 P.3d 646, 649. If a court lacks the power to act, but acts notwithstanding the lack of power, its judgment is void and the parties are incapable of conferring power to act.[8] *Ricks Exploration Co. v. Oklahoma Water Resources Bd.*, 1984 OK 73, ¶ 6, 695 P.2d 498, 502; *Model Clothing Co. v. First Nat'l Bank of Cushing*, 1916 OK 852, 160 P. 450 (Syl.1, 2). When a district court judgment or order is void on the face of the judgment roll (and no extrinsic proof is needed to show a fatal jurisdictional defect), no lapse of time can bar an attack, direct or collateral. *Hough v. Hough*, 1989 OK 65, ¶ 4, 772 P.2d 920, 921.

■■ ¶ 15 It is generally held that the right to a deficiency in a foreclosure did not exist in equity and a mortgagor had to proceed in an action at law on the debt. The right to obtain a deficiency in a foreclosure action is a creature of statute. *Conerty v. Richtsteig*, 379 Ill. 360, 41 N.E.2d 476, 479–80 (1942); *Harrow v. Metropolitan Life Ins. Co.*, 285 Mich. 349, 280 N.W. 785, 787 (1938); *Otselic Valley Nat'l Bank of South Otselic v. Dapson*, 170 Misc. 514, 10 N.Y.S.2d 588, 591 (N.Y.Sup.Ct.1939). However, in the 1930s the history of apparent abuse by mortgagors of the right to a deficiency led to the enactment of sundry forms of anti-deficiency statutes.[9] The problem was summarized in *Home Owner's Loan Corp. v. Roach*, 163 Misc. 760, 297 N.Y.S. 716, 717 (N.Y.Sup.Ct. 1936):

> At the special legislative session in February, 1932, the lawmakers recognized that a practice in mortgage foreclosure suits had grown up that was shockingly unfair, if not legalized larceny. The lender of a mortgage loan would foreclose his lien. In almost every instance there would be no bidder at the sale except plaintiff who would bid a nominal figure and become the owner of the property. Later the referee would file his report of sale. It would show that the amount realized at the sale

---

7. As a court of general jurisdiction, the court had subject-matter authority to determine deficiencies and render judgment accordingly. Personal jurisdiction over Wiley is not challenged.

8. Likewise, because subject matter jurisdiction concerns the competency of the court to determine the particular matter, it cannot be waived by the parties or conferred upon the court by their consent and it may be challenged at any time in the course of the proceedings. *In re A.N.O., a Minor Child*, 2004 OK 33 at ¶ 9, 91 P.3d at 649.

9. *See First State Bank of Cooperstown v. Ihringer*, 217 N.W.2d 857 (N.D.1974) for a history of the anti-deficiency statute in that state. The North Dakota legislature banned all deficiency judgments and made its intention clear on that point in 1933 and 1937 laws. *First State Bank*, 217 N.W.2d at 859. The author of a 1934 article in the Virginia Law Review observed that the Depression not only caused great numbers of foreclosures, but also resulted in an absence of bidders at foreclosure sales. The result was large deficiency judgments, especially against farmers,

and active efforts in the legislatures and the courts to curtail or prevent deficiency judgments. Sol Phillips Perlman, *Mortgage Deficiency Judgments During An Economic Depression*, 20 Va. L.R. 771–815 (May 1934). In a Report to Congress, the U.S. Department of Housing and Urban Development noted, in a footnote:

> It has almost become a part of American folklore that lenders buy properties at foreclosure sales for far less than market value and then resell them for substantial profits. This apparently had some truth during the Great Depression when typical first loans were for only 60 percent of original property value [see discussion in Rueter (1981, p. 279)]. During that time, second mortgages often made effective loan-to-value ratios above 100 percent as these lenders capitalized interest into the loan balance to avoid conflict with State usury laws (see U.S. President's Conference, 1931, 11–12). Therefore, no real equity existed in most foreclosed properties even though first mortgages were small.

US HUD *Providing Alternatives to Mortgage Foreclosure: A Report to Congress* (March 1966).

was less than the principal and unpaid charges.

Based upon the fiction that the bid represented the real market value of the property and upon the further fiction that the difference between the principal plus charges and the amount bid was a total loss to plaintiff, the court permitted—in fact it had to permit—the latter to enter a judgment against the mortgagor, for that difference which became known as a "deficiency judgment." These judgments were always substantial and often greater than the loan itself.

At the conclusion of the foreclosure, plaintiff would not only have title to defendant's property but, in addition a judgment against him often in excess of the amount of the money originally advanced. This was intolerable and unconscionable.

¶ 16 Legislation enacted during the Depression still restricts the availability of deficiency judgments in several states. In some jurisdictions, deficiency judgments are proscribed in certain situations, while in other states, they are limited to the amount by which the debt exceeds the fair market value of the property.

¶ 17 As noted above, the Oklahoma anti-deficiency statute was enacted in 1941 as an amendment to Section 686. One court has conjectured that this amendment was "lifted out of the New York statute and neatly inserted into Section 686." [10] *Ingerton v. First Nat'l Bank & Trust Co. of Tulsa*, 291 F.2d 662, 665 (10th Cir.1961). In fact, the 1941 amendment to Section 686 beginning in subpart 2, is, with a minor difference in the first sentence, the same as the New York statute.[11]

---

**10.** In a footnote, the Oklahoma Supreme Court noted that the conjecture appears to be valid. *Riverside Nat'l Bank v. Manolakis*, 1980 OK 72, 613 P.2d 438 n. 7. The *Mehojah* Court observed that the original Section 686 was derived from Kansas statutes. *Mehojah*, 1987 OK CIV APP 43 at ¶ 12, 744 P.2d at 225.

**11.** The New York statute provides:
1371. Deficiency judgment
1. If a person who is liable to the plaintiff for the payment of the debt secured by the mortgage is made a defendant in the action, and has appeared or has been personally served with the summons, the final judgment may award payment by him of the whole residue, or so much thereof as the court may determine to be just and equitable, of the debt remaining unsatisfied, after a sale of the mortgaged property and the application of the proceeds, pursuant to the directions contained in such judgment, the amount thereof to be determined by the court as herein provided.
2. Simultaneously with the making of a motion for an order confirming the sale, provided such motion is made within ninety days after the date of the consummation of the sale by the delivery of the proper deed of conveyance to the purchaser, the party to whom such residue shall be owing may make a motion in the action for leave to enter a deficiency judgment upon notice to the party against whom such judgment is sought or the attorney who shall have appeared for such party in such action. Such notice shall be served personally or in such other manner as the court may direct. Upon such motion the court, whether or not the respondent appears, shall determine, upon affidavit or otherwise as it shall direct, the fair and reasonable market value of the mortgaged premises as of the date such premises were bid in at auction or such nearest earlier date as there shall have been any market value thereof and shall make an order directing the entry of a deficiency judgment. Such deficiency judgment shall be for an amount equal to the sum of the amount owing by the party liable as determined by the judgment with interest, plus the amount owing on all prior liens and encumbrances with interest, plus costs and disbursements of the action including the referee's fee and disbursements, less the market value as determined by the court or the sale price of the property whichever shall be the higher.
3. If no motion for a deficiency judgment shall be made as herein prescribed the proceeds of the sale regardless of amount shall be deemed to be in full satisfaction of the mortgage debt and no right to recover any deficiency in any action or proceeding shall exist.
4. Notwithstanding the foregoing provisions and irrespective of whether a motion for a deficiency judgment shall have been made or, if made, shall have been denied, the court shall direct that all moneys remaining in the hands of a receiver of the rents and profits appointed in the action, after the payment of the receiver's fees and the expenses of the receivership, or any moneys remaining in the hands of a mortgagee in possession or an assignee of the rents and profits of the premises, shall be paid to the plaintiff to the extent of the amount, if any, by which the judgment of foreclosure and sale exceeds the amount paid for the property upon the sale.
McKinney's Consolidated Laws of N.Y. Ann. (West), Real Property Actions & Proceedings Law, § 1371.

¶ 18 Moreover, the Oklahoma Supreme Court and the New York courts each construe their respective statutes as providing a procedure for fixing the amount of any deficiency as to the original judgment. *Mehojah*, 1987 OK CIV APP 43 at ¶¶ 14–15, 744 P.2d at 225 ("Therefore, when the trial court acts upon a motion for deficiency, the entry of the deficiency judgment represents the judicial determination of the difference between the amount of the judgment entered in the lawsuit and the fair market value of the mortgaged premises on or near the date of the sale. The entry of a deficiency judgment is but a supplemental order entered in the lawsuit which allows the judgment creditor to obtain a writ of general execution to satisfy the deficiency amount."); *Jamaica Sav. Bank v. Risian Realty Corp.*, 165 Misc. 372, 300 N.Y.S. 553, 555 (N.Y.Sup.Ct.1937) (Statute does not create any new substantive rights; it simply regulates the procedure for fixing the amount and entering a deficiency judgment.)

¶ 19 The New York courts have construed the statute as being a statute of limitations. *Voss v. Multifilm Corp. of America*, 112 A.D.2d 216, 491 N.Y.S.2d 434, 435 (N.Y.App. Div.1985); *Mortgagee Affiliates, Inc. v. Jerder Realty Corp.*, 62 A.D.2d 591, 406 N.Y.S.2d 326, 327 (N.Y.App.Div.1978), *aff'd* 47 N.Y.2d 796, 417 N.Y.S.2d 930, 391 N.E.2d 1011 (1979). In each of these cases the untimeliness of the deficiency motion was raised as a defense and the defense prevailed.

¶ 20 However, in *Jamaica Sav. Bank v. Risian Realty Corp.*, the debtors appeared at the deficiency hearing and contested the motion for deficiency on several grounds, *but not on the ground that the motion was not filed within the requisite ninety days.* The untimeliness was raised for the first time on appeal, and the Court framed the issue to be whether the debtors waived the issue by failing to present the matter to the trial court. The result turned upon whether the ninety-day limitation is jurisdictional. The

Court, holding that the statute is procedural, ruled:

> The 90–day clause … is a limitation as to the time within which a mortgagee may request or pray for a deficiency judgment. It is in substance a 'statute of limitation' which must be pleaded or raised as an objection.

*Jamaica Sav. Bank*, 300 N.Y.S. at 555–56.

¶ 21 In *Mortgagee Affiliates, Inc.*, the New York Court adhered to its ruling in *Jamaica Sav. Bank* when it sustained an objection to deficiency on the ground that the motion was untimely. The facts of *Jamaica Sav. Bk. v. Risian Realty Corp.* are remarkably similar to the facts here. Wiley, too, contested the deficiency, although not appearing at the hearing, and did so on grounds other than the untimeliness of the application. Wiley's case also turns upon whether the ninety-day limitation is jurisdictional.

¶ 22 The Oklahoma Supreme Court has not decided whether Section 686 is a statute of limitation or a condition on the exercise of the right to seek a deficiency.[12] Consequently, the task of this Court is to decide whether to follow *Jamaica Sav. Bank v. Risian Realty Corp.* This decision depends upon whether Section 686 is to be denominated as a time bar conditioning the right to make the claim under the criteria of *In re Estate of Speake*, 1987 OK 61, ¶¶ 13, 16, 743 P.2d 648, 652–53.

> The common law recognizes two different time bars that are conceptually distinct: [1] an "ordinary" or "true" statute of limitations that regulates the time to bring an action and [2] a time limit that establishes a condition upon the right or constitutes a substantive element of the claim. A legislative act that spells out the time in which an action must be brought is deemed to be an ordinary or true statute of limitations. It bars only the remedy— not the right—*unless the prescribed time limit is so specifically attached to the sub-*

12. The Court has stated that there is a time deadline for seeking a deficiency adjudication. Section 686 gives the mortgagor-judgment creditor an option. The filing party may or may not file the motion for deficiency judgment with the motion for confirmation and, regardless of

whether he files them together, the motion for deficiency judgment must be filed within ninety days of the sale. *Reliable Life Ins. Co. of St. Louis v. Cook*, 1979 OK 88, ¶ 4, 601 P.2d 455, 456.

*stantive claim that it must be construed as an element of, or condition upon, the right.* Ordinary limitations may be tolled and, unless affirmatively pleaded, the time bar is deemed waived. *On the other hand, a time bar falling into the category of a condition upon the right is a substantive element of the claim and cannot be tolled.* It differs vastly from a statute that regulates merely the time for the commencement of an action. This is so because it operates to extinguish the right as well as the remedy and in so doing it may also transfer an interest lost by time lapse. *Time bars in this category do not merely destroy the claim but also confer a new right on one who may invoke the benefit of the lapse.*

. . . .

Whether the statutory period for bringing a post-probate will contest constitutes a limitation on the exercise of judicial power or a limitation on bringing an action is to be divined from the legislative intent. *Id.* (Emphasis added.)

¶ 23 Thus, if Section 686 is a condition imposed upon the exercise of the right of action granted, then the trial court was without jurisdiction to entertain Bank's claim for deficiency. Section 686 is not an ambiguous statute. The statute addresses: (1) the content of foreclosure judgments; (2) the order of sale and sale of lands in more than one county; (3) taxation of costs and attorney fees; (4) putting the purchaser in possession; and, (5) deficiency judgments.

¶ 24 With respect to deficiency judgments the statute: (1) establishes a deadline for application of a deficiency; (2) establishes a process for determination of the amount of the deficiency, if any; (3) prohibits enforcement of any judgment remaining unsatisfied absent complying with the statute; (4) deems the mortgage debt satisfied when a deficiency is not requested as prescribed; and, (5) provides that "no right to recover any deficiency in any action or proceeding shall exist" when no motion for deficiency is made as prescribed in the statute.

¶ 25 This Court holds that the time deadline in Section 686 constitutes a condition on the right to a deficiency. The failure to meet the condition of Section 686 effectively destroys the right to a deficiency adjudication and eliminates the jurisdiction of the Court to consider a deficiency. Consequently, Wiley is not precluded from raising failure to comply with Section 686, and the trial court did not err in ruling for Wiley. This Court's holding finds support in the following decisions.

¶ 26 In *Neil Acquisition, L.L.C., v. Wingrod Inv. Corp.,* 1996 OK 125, 932 P.2d 1100, the issue was whether Wingrod's unrecorded deficiency judgment was entitled to priority over Neil Acquisition's later recorded judgment lien. The facts there indicate that Neil Acquisition had timely sought and received a deficiency, but failed to record it so as to perfect a lien.

¶ 27 The Court discussed the function of Section 686, describing it as a statutory scheme that prevents the automatic entry of a deficiency. *Neil Acquisition, L.L.C.,* 1996 OK 125 at ¶ 9, 932 P.2d at 1104. Then, in a footnote, the Court noted:

The U.S. Court of Appeals for the Tenth Circuit refers to the 90–day time bar in 12 O.S.1991 § 686 as an "extinguishment statute" rather than a "statute of limitations." See *International Paper Company v. Whitson,* 10th Cir., 595 F.2d 559, 562 (1979); *Ingerton v. First National Bank & Trust Co. of Tulsa,* 10th Cir., 291 F.2d 662 (1961) later appeal at 303 F.2d 439 (1962). We prefer to view the § 686 bar as a condition upon the exercise of a right. *United States ex rel. Farmers Home Administration v. Hobbs,* Okl., 921 P.2d 338, 344 (1996) (Opala, J., concurring); *Matter of Estate of Speake,* Okl., 743 P.2d 648, 652 (1987). Unless deficiency is timely sought the mortgagee's debt is deemed satisfied, through the use of legal fiction, by the proceeds from the sale of the specific mortgaged property. Our anti-deficiency statute, 12 O.S.1991 § 686, like that of the State of New York, goes farther than the statutory requirements of other states, some of which effect only a restriction upon the time period during which recovery of a deficiency may be sought.

See discussion in *Riverside National Bank v. Manolakis,* Okl., 613 P.2d 438 (1980). *Neil Acquisition, L.L.C.,* at n. 10.

¶ 28 In *International Paper Co. v. Whitson,* 595 F.2d 559 (10th Cir.1979), the issue was whether the United States Department of Housing and Urban Development (HUD) was precluded from obtaining a deficiency judgment in connection with its foreclosure against Whitson. HUD had failed to move for a deficiency within ninety days as provided by Section 686. After ruling that HUD was bound by Section 686, the Court held that HUD was precluded from seeking a deficiency because Section 686 was not a statute of limitations, but a "statute of extinguishment." *International Paper Co.,* 595 F.2d at 562; *see Neil Acquisition, L.L.C.,* at n. 10, correcting the terminology.

¶ 29 The Court, in *Cole v. Silverado Foods, Inc.,* 2003 OK 81, 78 P.3d 542, faced the issue of whether the provisions of 85 O.S. Supp. 1997, § 43(B), which was enacted during the claim's pendency and whose terms shorten from five to three years the period within which unadjudicated elements of a compensation claim must be pressed for resolution before they stand barred by lapse of time, governed the case. The judgment of the Court was that Section 43(B), as in force when the injury claim was filed, controlled.

 ¶ 30 The Court's construction of Section 43(B) concluded that, under the statute, a claimant is not merely deprived of a remedy, but rather suffers the loss of right to press for unrecovered benefits. The Court ruled that Section 43(B) is not a statute of limitations and that it has "a substantive-law impact that makes its time limit a right-destroying device or a liability-defeating defense against the unrecovered residue of the claim. In its wake the claimant's loss is final

and irretrievable. No other remedy will lie for the recapture of a claim's residue extinguished by the operation of § 43(B)." *Cole,* 2003 OK 81 at ¶ 12, 78 P.3d at 548. There is no legal distinction between the "substantive effects" of Section 43(B) and Section 686.[13]

 ¶ 31 Lastly, the failure to invoke the Court's jurisdiction in a timely manner deprives the Court of the power to hear and decide the matter. In *Delhi Gas Pipeline Corp. v. Mayhall,* 1975 OK CIV APP 61, 546 P.2d 1019, the appeal was dismissed for lack of jurisdiction because the petition-in-error had not been filed within the thirty-day deadline.

## CONCLUSION

¶ 32 12 O.S.2001, § 686 is not an ordinary statute of limitations. The clear language of the statute qualifies it as a statute establishing a condition on the right to obtain a deficiency judgment. As such, when a judgment creditor, here Bank, fails to comply with the deadline for seeking the deficiency adjudication, the debt is deemed satisfied and no further action may be taken thereafter to enforce the underlying judgment. The trial court after passage of the deadline, and without further action having previously been taken, no longer has jurisdiction to enforce the judgment. Consequently, the judgment debtor, here Wiley, may raise the issue at any time. The trial court's lack of jurisdiction may be raised at any time. *State Nat'l Bank of Shawnee v. Wood & Co.,* 1922 OK 122, ¶ 4, 212 P. 1002, 1003.

¶ 33 The trial court correctly entered judgment for Wiley and accordingly the judgment is affirmed.

**13.** In *Neer* the Court defined the tax refund statute as a statute of repose and distinguished the ordinary statute of limitations. "A statute of limitation extinguishes a remedy for an existing right by penalizing a party who sleeps on that right.... A statute of repose sets an outer chronological time boundary beyond which no cause of action may arise for conduct that would otherwise have been actionable." *Neer,* 1999 OK 41 at ¶ 19, 982 P.2d at 1078 (citations omitted). A comparison of *Neer, Speake,* and *Cole* suggests that the Oklahoma Supreme Court recognizes

three time-related bars: (1) traditional statute of limitations; (2) a statute of repose setting an outer boundary after which no cause of action may arise; and (3) a statute imposing a condition on the right to make a claim. Thus, in *Cole,* as well as under Section 686, the actions (worker's compensation claim or the foreclosure) have been brought and are not barred from the outset. However, a "condition" to further recovery is interposed by the statute. Therefore, in this Opinion, Section 686 is described as a "condition on the exercise of a right."

¶ 34 Wiley's Brief requests cost and attorney fees, but the request does not comply with Okla. Sup.Ct. R. 1.14, 12 O.S., ch. 15, app. 1. Therefore, the request is denied without prejudice to a request that conforms to the Rule.

¶ 35 AFFIRMED.

FISCHER, P.J., and WISEMAN, J., concur.