CHARLES SANDERS HOMES v. COOK & ASSOCIATES ENGINEERING
2023 OK CIV APP 23
Case Number: 119715
Decided: 08/25/2022
Mandate Issued: 06/29/2023
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2023 OK CIV APP 23, __ P.3d __

 

CHARLES SANDERS HOMES, Inc., Plaintiff/Appellee,
v.
COOK & ASSOCIATES ENGINEERING, INC. and JUSTIN COOK, Defendants/Appellants,
and
Romaco, LLC, Occupants of the Premises, Board of County Commissioners of Tulsa County and County Treasurer of Tulsa County, Defendants.

APPEAL FROM THE DISTRICT COURT OF
TULSA COUNTY, OKLAHOMA

HONORABLE DOUGLAS E. DRUMMOND, TRIAL JUDGE

AFFIRMED

Scott R. Eudey, Melinda A. Aycock, ROSS & EUDEY, PLLC, Broken Arrow, Oklahoma, for Plaintiff/Appellee,

Lawrence D. Taylor, Tulsa, Oklahoma, or Defendants/Appellants.

ROBERT D. BELL, PRESIDING JUDGE:

¶1 The instant appeal concerns the trial court's award of attorney fees and costs to Plaintiff/Appellee, Charles Sanders Homes Inc. Plaintiff incurred the fees and costs in pursuing a deficiency order against Defendants/Appellants, Cook & Associates Engineering, Inc. and Justin Cook, in the underlying foreclosure proceeding. The deficiency order was entered in 2021 after remand from Appellate Case No. 115,458 (mandated June 17, 2020). In Case No. 115,458, Division II of the Court of Civil Appeals reversed the trial court's order denying Defendants' motion to vacate two deficiency orders entered against them. The appellate court vacated the 2012 and 2013 deficiency orders and remanded the deficiency issue to the trial court to conduct a hearing for the purpose of determining the fair market value of the foreclosed property pursuant to 12 O.S. 2011 §68612 O.S. 2011 §735

¶2 Plaintiff obtained a mortgage foreclosure judgment against Defendants in 2012. After sheriff's sale, the trial court measured a $93,769.78 deficiency against the corporate defendant on October 30, 2012, and the individual defendant on February 6, 2013. Defendants did not appeal from the foreclosure judgment or the deficiency orders. Four months after the entry of the second deficiency order, Defendants filed a collateral motion to vacate the deficiency orders pursuant to 12 O.S. 2011 §1031

¶3 While the vacation proceeding was pending in the appellate court, the 2012 foreclosure judgment became dormant pursuant to the five (5) year dormancy statute at 12 O.S. 2011 §735

¶4 In Case No. 115,458, Division II reversed the trial court's order denying Defendants' motion to vacate the deficiency orders and remanded the matter to the trial court to conduct a hearing for the purpose of determining the fair market value of the foreclosed property pursuant to 12 O.S. 2011 §686

¶5 After mandate, the trial court held a hearing and measured a deficiency of $23,769.78 against Defendants. The trial court also addressed Plaintiff's pending motion for an award of attorney fees and costs and held Plaintiff was entitled to reasonable attorney fees and costs. The court reserved the determination of the reasonableness of such fees for a later date. The journal entry of the deficiency order was filed March 1, 2021. Defendants did not appeal from that order.

¶6 On March 30, 2021, Plaintiff filed an application to determine the reasonable amount of such attorney fees and costs. Defendants objected to Plaintiff's motion arguing the foreclosure judgment and the deficiency orders are all dormant and therefore Plaintiff's motion for attorney fees and costs is moot. The trial court rejected Defendants' mootness defense. After taking testimony, the trial court sustained the application in part and denied it in part. The court stated there is a statutory basis for the attorney fees at 12 O.S. 2011 §68642 O.S. 2011 §176

¶7 For their first assignment of error, Defendants argue the 2012 foreclosure judgment - the one and only judgment in the case - became dormant while the appeal in Case No. 115,458 was pending; therefore, the subsequent 2021 deficiency order (entered upon remand) is a nullity as is the trial court's award of attorney fees and costs. The issue as to whether the 2021 deficiency order is enforceable is a question of law that we review de novo. First United Bank and Trust Co. v. Wiley, 2008 OK CIV APP 39183 P.3d 102212 O.S. 2011 §735Hub Partners Xxvi, LTD v. Barnett, 2019 OK 69453 P.3d 489Baker v. Martin 1975 OK 112

¶8 There is no dispute that Plaintiff did not renew the 2012 mortgage foreclosure judgment or the 2012 and 2013 deficiency orders (now vacated) by any of the prescribed methods set forth at §735. Because Plaintiff did not renew the mortgage foreclosure judgment, Defendants argue the deficiency order entered in 2021, after the foreclosure judgment became dormant and unenforceable, is a nullity. Defendants base this argument on case law that holds there is only one judgment in a foreclosure action. We acknowledge there is only one "judgment" in a foreclosure action, i.e. the order determining the amount due and ordering the sale to satisfy the mortgage lien. Bank of Oklahoma, N.A. v. Red Arrow Marina, 2009 OK 77224 P.3d 685See 12 O.S. 2011 §686Willis v. Nowata Land and Cattle Co., Inc., 1989 OK 169789 P.2d 1282Id. (citations omitted).

¶9 In the instant case, Plaintiff timely sought and obtained deficiency orders against Defendants pursuant to 12 O.S. 2011 §68612 O.S. 2011 §95212 O.S. 2011 §1031current 2021 deficiency order stands as the post-foreclosure judicial determination of the deficiency amount. Under the facts of this case, we hold the 2021 deficiency order is valid and enforceable regardless of the foreclosure judgment's dormancy status.

¶10 For their second assignment of error, Defendants contend the trial court erroneously determined Plaintiff was legally entitled to an award of attorney fees and costs as the prevailing party because Plaintiff failed to provide any authority establishing its entitlement to such attorney fees and costs. Plaintiff counters Defendants are barred from raising this argument on appeal because Defendants did not timely appeal from the trial court's entitlement ruling in the 2021 deficiency order.

¶11 The trial court's deficiency order, filed March 1, 2021, determined Plaintiff was entitled to reasonable attorney fees and costs, but reserved the determination of the amount of such fees and costs to a later hearing. The trial court's order determining only a party's entitlement to fees and costs is not a final order. "Because the trial court did not set an amount for attorney's fees . . . , that portion of the judgment is an interlocutory ruling." Berry and Berry Acquisitions, LLC v. BFN Properties LLC, 2018 OK 27416 P.3d 1061

¶12 Defendants assert Plaintiff failed to carry its burden of showing entitlement to such fees and costs. Generally, a trial court is not authorized to award attorney fees unless there is statutory (or contractual) basis for such award. Federal Nat'l Bank and Trust Co. of Shawnee v. Ryan, 1978 OK CIV APP 51588 P.2d 59242 O.S. 2011 §17612 O.S. 2011 §686Ryan, 1978 OK CIV APP 5112 O.S. 2011 §93642 O.S. 2011 §176Bank of America, N.A. v. Unknown Successors of Lewis, 2014 OK CIV APP 78336 P.3d 1034

¶13 For their final assignment of error, Defendants contend the attorney fees and costs awarded by the trial court are not reasonable. This Court reviews the reasonableness of an award of attorney fees and costs for abuse of discretion. Parsons v. Volkswagen of Am., Inc., 2014 OK 111341 P.3d 662

¶14 Plaintiff submitted fees and costs incurred in obtaining the deficiency order, defending the deficiency order, collecting on the deficiency order, and preparing and attending a new hearing on the deficiency order after remand. The record shows the trial court weighed the factors in Burk v. City of Okla. City, 1979 OK 115598 P.2d 659

¶15 In conclusion, this Court finds the trial court did not hold contrary to law when it determined Plaintiff is entitled to attorney fees and costs. We further hold the trial court did not abuse its discretion when it determined the reasonable amount of Plaintiff's fees and costs. The trial court's order is affirmed.

¶16 AFFIRMED.

GOREE, J., and DOWNING, J., concur.